OPINION
{¶ 1} Defendant-appellant, Lee M. Jones, appeals a decision of the Mahoning County Common Pleas Court sentencing him to five years imprisonment.
 {¶ 2} On December 12, 2002, a Mahoning County Grand Jury returned a two count indictment against appellant. Count one charged appellant with possession of drugs (crack cocaine) in violation of R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. Count two charged appellant with failure to comply with order or signal of police officer, in violation of R.C. 2921.331(B)(C)(1)(5)(a)(ii), a felony of the third degree.
 {¶ 3} On December 23, 2002, appellant was arraigned, pled not guilty, and had his bond continued. On March 10, 2003, plaintiff-appellee, State of Ohio, moved to revoke appellant's bond because appellant was indicted in the Mahoning County Common Pleas Court, Case No. 03-CR-147, for possession of cocaine. On March, 13, 2003, the trial court sustained appellee's motion, revoked appellant's bond, and ordered appellant to submit to a drug screen.
 {¶ 4} On April 9, 2003, following Crim.R. 11 negotiations, appellant pled guilty to count two of his indictment for failure to comply. As part of the Crim.R. 11 negotiation, count one was dismissed. Additionally, appellant pled guilty to one count of possession of drugs in Case No. 03-CR-147.
 {¶ 5} On April 30, 2003, appellee filed a motion to deny appellant's application for drug court because appellant was deemed inappropriate by the Mahoning County Treatment Against Street Crimes (T.A.S.C.).
 {¶ 6} On June 4, 2003, the trial court sentenced appellant to five years imprisonment for failure to comply with order or signal of police officer. The trial court ordered this sentence to run concurrent with the sentence imposed in Case No. 03-CR-147. A five year sentence is the maximum sentence for a third degree felony under R.C. 2929.14(A)(3).
 {¶ 7} On July 2, 2003, appellant filed a notice of appeal in this case. Appellant filed no appeal for Case No. 03-CR-147.
 {¶ 8} Appellant's sole assignment of error states:
 {¶ 9} "The trial court committed error to the detriment of the appellant when it sentenced him to a maximum prison term without properly reviewing O.R.C. 2929.12, 2929.13, and 2929.14."
 {¶ 10} The only issue appellant presents for review states:
 {¶ 11} "Did the trial court properly consider the factors set forth in O.R.C. 2929.12, 2929.13 and 2929.14 when it sentenced appellant to a maximum prison term, or was appellant's sentence contrary to law."
 {¶ 12} Appellant pleaded guilty to one count of failure to comply with an order or signal of police officer, in violation of R.C.2921.331(B)(C)(1)(5)(a)(ii), a felony of the third degree. Violation of this section is a felony of the third degree. Under R.C. 2929.14(A)(3), a felony of the third degree carries a possible prison term of one, two, three, four, or five years. The trial court sentenced appellant to the maximum term of imprisonment, five years.
 {¶ 13} R.C. 2953.08 provides in relevant part:
 {¶ 14} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 15} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 16} "(a) The sentence was imposed for only one offense.
 {¶ 17} "* * *
 {¶ 18} "(4) The sentence is contrary to law."
 {¶ 19} Additionally, R.C. 2953.08(G)(2) provides:
 {¶ 20} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 21} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 22} "* * *
 {¶ 23} "(b) That the sentence is otherwise contrary to law."
 {¶ 24} Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361,120 N.E.2d 118, paragraph three of the syllabus, as:
 {¶ 25} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." See, also, Statev. Eppinger (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881.
 {¶ 26} Appellant argues that "the trial court failed to make the necessary findings on the record to support his sentence." (Appellant's Brief, p. 3.) Appellant also argues that a proper review of the sentencing guidelines establishes that the maximum sentence was inappropriate in this case.
 {¶ 27} When determining whether to impose a prison term as a sanction for a felony of the third degree, the sentencing court shall comply with the purposes and principles of sentencing set forth R.C. 2929.11 and R.C. 2929.12. R.C. 2929.13(C). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 28} The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 29} Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
 {¶ 30} The seriousness factors enumerated in R.C. 2929.12 take one of two forms — factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 {¶ 31} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 32} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 33} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 34} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 35} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 36} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 37} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 38} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
 {¶ 39} The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:
 {¶ 40} "(1) The victim induced or facilitated the offense.
 {¶ 41} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 42} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 43} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 44} Appellant argues that his crime was not more serious than conduct normally constituting the offense. Appellant also argues the R.C. 2929.12(C)(3) (4) were applicable to make his conduct less serious than conduct normally constituting the offense.
 {¶ 45} As to R.C. 2929.12(C)(3), appellant pleaded guilty to count two of the indictment which included the assertion that appellant "caused a substantial risk of serious physical harm to persons or property. Therefore, appellant conceded the risk of physical harm and the trial court properly excluded this factor from mitigation.
 {¶ 46} Regarding R.C. 2929.12(C)(4), appellant argues that the trial court did not give proper weight to the mitigating factors that appellant lacked education and had a history of drug addiction. However, R.C.2929.12(C) does not require the trial court to assign a specific weight to any one factor. Instead, R.C. 2929.12(C)(4) simply requires the trial court to "consider" each factor. "[T]he individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor." State v. Arnett (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793. Here, the trial court, at the behest of appellant's counsel, clearly considered appellant's education and history of drug abuse at the sentencing hearing and was free to assign the weight to be afforded these circumstances.
 {¶ 47} Turning to the recidivism factors enumerated in R.C. 2929.12, they also take one of two forms — factors indicating that the offender is likely to commit future crimes and factors indicating that the offender is not likely to commit future crimes. The factors indicating that the offender is likely to commit future crimes are enumerated under R.C.2929.12(D). They are:
 {¶ 48} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 {¶ 49} "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 {¶ 50} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 51} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 52} "(5) The offender shows no genuine remorse for the offense."
 {¶ 53} The factors indicating that the offender is not likely to commit future crimes are enumerated under R.C. 2929.12(E). They are:
 {¶ 54} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 55} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 56} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 57} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 58} "(5) The offender shows genuine remorse for the offense."
 {¶ 59} In this case, the trial court appears to have relied primarily on the recidivism factors when imposing appellant's sentence. This reliance is highlighted by four specific findings during the sentencing hearing:
 {¶ 60} "The offender was out on bond to this charge when he picked up 03 CR 147. He has an extensive prior adjudication of delinquency of criminal convictions. He has failed to respond favorably in the past to sanctions. He's been put on probation, intensive probation, kept at JJC, even went to the Ohio Department of Youth Services. This is the second offense of the same nature for failing to comply with a lawful order."
 {¶ 61} Also, in its journal entry, the trial court noted that its decision was based on the following: appellant has previously served a prison term; the offense was committed while appellant was under probation, community control sanction, bond, or personal recognizance bond; appellant has prior adjudications of delinquency and a history of criminal convictions; and appellant has failed to respond favorably in the past to sanctions imposed for criminal convictions.
 {¶ 62} Despite these findings, appellant argues that the trial court failed to consider appellant's drug dependency and lack of education before imposing the sentence. As previously stated, appellant's counsel presented these arguments to the trial court at the sentencing hearing. With this information at hand, the trial court proceeded to summarize appellant's criminal record and made the four findings listed above. Thus, the trial court appeared to consider appellant's mitigating circumstances, but felt they did not outweigh appellant's likelihood of recidivism. Because the trial court properly considered the seriousness and recidivism factors under R.C. 2929.12, we must now determine if the trial court properly imposed a maximum sentence.
 {¶ 63} R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum. Appellant's sentencing raises this issue because appellant was convicted of a single offense and was sentenced to the maximum term of imprisonment.
 {¶ 64} R.C. 2929.14(C) provides:
 {¶ 65} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only
upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." (Emphasis added.)
 {¶ 66} R.C. 2929.19(B)(2)(d) acts in concert with R.C. 2929.14(C) when dealing with the situation whereby the trial court sentences a defendant to the maximum term of imprisonment despite the fact that it is dealing with a single offense. The statute provides as follows:
 {¶ 67} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 68} "* * *
 {¶ 69} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 70} When imposing a maximum sentence a trial court must record a finding that the defendant fits into one of the categories of offenders listed in R.C. 2929.14(C) and specify its reasons for imposing the maximum sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, 329,715 N.E.2d 131. In this case, the trial court found in its judgment entry that appellant "poses the greatest likelihood of recidivism." But the trial court did not make that finding at the sentencing hearing. Instead, at the sentencing hearing, the trial court found that appellant posed a "likelihood of recidivism." (Tr. at 8.)
 {¶ 71} After the trial court sentenced appellant, the Ohio Supreme Court held that making the required findings in a judgment entry is insufficient to comply with Ohio's sentencing statutes. According toState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 20, "a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Thus, the trial court in Comer erred by not making the findings at the sentencing hearing even though it made the required findings in its judgment entry and the Ohio Supreme Court remanded the matter for resentencing. Id. at ¶ 2-4, 27.
 {¶ 72} The trial court in this case committed this same error. Of course, the trial court is not blameworthy since this court's decisions before Comer allowed it to make the findings either at the sentencing hearing or in a judgment entry. See State v. Gonzales, 7th Dist. No. 01 BA 59, 2002-Ohio-5188; State v. Lynn, 7th Dist. No. 00 CA 119, 2002-Ohio-5014; State v. Thompson (Mar. 15, 2000), 7th Dist. No. 98-JE-46. Nevertheless, we have consistently held that these findings must be made at the sentencing hearing after Comer. See State v.Balwanz, 7th Dist. No. 02-BE-37, 2004-Ohio-1534; State v. Gist, 7th Dist. No. 03 CO10, 2003-Ohio-7018.
 {¶ 73} Although appellant's arguments clearly focus more on whether the facts support the trial court's findings, he does argue "that the trial court failed to make the necessary findings on the record to support his sentence." The trial court clearly failed to make the necessary findings at the sentencing hearing, so appellant's argument in this regard is correct.
 {¶ 74} Accordingly, appellant's sole assignment is with merit.
 {¶ 75} The judgment of the trial court is hereby reversed and this matter is remanded for resentencing.
Waite, J., concurs.
DeGenaro, J., concurs.