[Cite as *State v. Flanik*, 2019-Ohio-1412.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-103** |
| CHRISTOPHER L. FLANIK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 001275.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa Ann Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Christopher Flanik, appeals from the August 7, 2018 judgment of the Lake County Court of Common Pleas sentencing him to two consecutive prison terms of eighteen and twelve months respectively. For the reasons discussed herein, the judgment is affirmed.

{¶2} On November 1, 2017, Wickliffe police observed a car speeding and driving erratically through a parking lot. An officer followed the car and signaled for the vehicle to stop by activating the police lights and siren. Appellant, who was driving the vehicle, did not stop but turned into a residential area. He was operating the vehicle above the posted speed limit, ran several stop signs, and took a turn too fast causing him to drive through a resident's front yard before stopping in a cul-de-sac. The officer ordered appellant out of the car. He refused and instead attempted to light a crack pipe. He was forcibly removed from the vehicle and arrested. On the floor of the vehicle, officers observed a substance later confirmed to be cocaine and a tin foil crack pipe.

{¶3} Appellant was charged with Failure to Comply with Order or Signal of a Police Officer, a third-degree felony, in violation of R.C. 2921.331(B); Possession of Cocaine, a fifth-degree felony, in violation of R.C. 2925.11; and Illegal Use or Possession of Drug Paraphernalia, a fourth-degree misdemeanor, in violation of R.C. 2925.14(C)(1). Appellant waived his right to be present at arraignment and pleas of "not guilty" were entered on his behalf. At the request of defense counsel, appellant underwent a competency evaluation and was ultimately deemed competent to stand trial. In June 2018, appellant withdrew the not guilty pleas and pled guilty to an amended count one of Attempted Failure to Comply, a fourth-degree felony in violation of R.C. 2921.331(B) and one count of Possession of Cocaine, a fifth-degree felony in violation of R.C. 2925.11. The remaining count was nolled.

{¶4} Appellant was sentenced to 18 months in prison for count one and 12 months in prison for count two, to be served consecutively to one another. Appellant

2

appeals, assigning one error with three sub-issues for our review. Appellant's assignment of error states:

{¶5} "The trial court erred by sentencing the defendant-appellant to a prison term of 18 months on a fourth-degree felony, attempted failure to comply and a prison term of 12 months on a fifth-degree felony, possession of cocaine, to be served consecutively for a maximum prison term of 30 months."

{¶6} R.C. 2953.08(G)(2) permits an appellate court to review the record and increase, reduce, or vacate the sentence, or remand the matter to the sentencing court for resentencing only if it finds the record does not clearly and convincingly support the sentencing court's findings or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

{¶7} Appellant's first issue asserts:

{¶8} "The trial court erred when it imposed a maximum prison term of 18 months on amended Count One, Attempted Failure to Comply without considering the statutorily mandated sentencing factors as outlined in R.C. 2921.331(C)(5)(b)(i)-(ix) and thus, trial court's sentence is not supported by the record and is contrary to law."

{¶9} Appellant contends the court was required and failed to consider the sentencing factors of R.C. 2921.331(C)(5)(b)(i)-(ix) in addition to the factors outlined in R.C. 2929.12 and 2929.13. R.C. 2921.331(C)(5)(b) states:

{¶10} If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

{¶11} (i) The duration of the pursuit;

{¶12} (ii) The distance of the pursuit;

{¶13} (iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

{¶14} (iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

{¶15} (v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

{¶16} (vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

{¶17} (vii) Whether the offender committed a moving violation during the pursuit;

{¶18} (viii) The number of moving violations the offender committed during the pursuit;

{¶19} (ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶20} This court has held that, in sentencing a defendant for a violation of R.C. 2921.331, the trial court need not make a specific reference to R.C. 2921.331(C)(5)(b) but, "[r]ather, it is only necessary for the record to show that the trial court was informed of the pertinent facts so that the court had an opportunity to consider them in light of the listed statutory factors." *State v. Jackson,* 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶21, citing *State v. Jordan,* 3d Dist. Hardin No. 6-11-05, 2011-Ohio-6015, ¶16-19.

{¶21} In this case the trial court specifically noted:

{¶22} In terms of * * * the attempted failure to comply, the offender did pose a hazard to himself and others on the roadway, and the police officer even though it wasn't at high rates of speed and there wasn't numerous traffic signal violations, this is attempted failure to comply. And it was a serious act of attempted failure to comply. The Defendant lit up a crack pipe when stopped by the police, and the police were trying to arrest him.

4

{¶23} The record sets forth the pertinent facts of appellant's conduct applicable to R.C. 2921.331(C)(5)(b), including the time and location of the chase, that appellant was speeding at 45-mph in a 25-mph zone, there was no traffic, he ran three stop signs, and took a turn too fast causing him to drive onto a residential lawn. In sentencing, the court expressly stated it reviewed the presentencing report which contained these details. The trial court reviewed these factors, considering 45-mph to be not a "high rate of speed" and the running of three stop signs and driving into a residential yard not to be "numerous" traffic signal violations. Thus, the record indicates the court considered the R.C. 2921.331(C)(5)(b) factors and appellant's argument is without merit.

{¶24} Appellant's second issue asserts:

{¶25} "The trial court erred when it imposed a 30 month maximum prison term where its findings under R.C. 2929.12 were not supported by the record and were contrary to law."

{¶26} Appellant asserts the court ignored and discounted mitigating factors that made appellant's conduct less serious, namely, his admitted drug addiction, which the Supreme Court of Ohio recognized as a valid mitigating factor in *State v. Johnson,* 144 Ohio St.3d 51, 2015-Ohio-4903, ¶138-139.

{¶27} However, while drug addiction is a factor to be considered, R.C. 2929.12(C) does not dictate the weight to be given any one factor, but only requires that the trial court consider each factor. *See State v. Jones*, 7th Dist. Mahoning No. 03-MA-113, 2005-Ohio-1767, ¶46. The trial court did in fact consider his drug addiction in sentencing, finding that it would be addressed in prison and will continue to be

5

addressed once released from prison as he will still be subject to community control sanctions. Thus, appellant's second issue is without merit.

{¶28} Appellant's third issue asserts:

{¶29} "The trial court erred when it imposed a prison term of 18 months on count one, as amended, Attempted Failure to Comply, a fourth-degree felony to be served consecutively to a prison term of 12 months on count two, Possession of Cocaine, a fifth-degree felony for a maximum and consecutive prison term of 30 months, where its findings under R.C. 2929.14 were not supported by the record and were contrary to law."

{¶30} Pursuant to R.C. 2929.14(C)(4), the court may impose consecutive sentences if it finds (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the factors set forth in R.C. 2929.14(C)(4)(a)-(c) is present:

{¶31} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶32} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶33} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

6

**{¶34}** The Supreme Court of Ohio has held:

**{¶35}** [i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.

**{¶36}** Here, the trial court expressly noted a consecutive sentence is necessary to protect the public from future crime and to punish appellant, consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public, and "his criminal history shows that consecutive terms are needed to protect the public from future crime." Thus, all three requirements of R.C. 2929.14(C)(4) are met. Further, the record supports these findings and the consecutive sentences are not otherwise contrary to law.

**{¶37}** While the court applauded appellant's most recent attempt to "get his out of control life under control," it noted he has a history of at least 12 failed rehabilitations attempts and an extensive criminal history including 19 misdemeanors and 21 felonies. Furthermore, though he has not been in prison in the last eight years, he does have multiple convictions and parole violations during that time, including a community control sanction issued since the instant offense. The court stated it had "a hard time believing that it only took the arrest here and one day in jail * * * [for] him to be able to turn his life around." Thus, appellant's third issue is without merit.

7

{¶38} In light of the forgoing, we conclude the sentence is supported by the record and is not clearly and convincingly contrary to law. Appellant's sole assignment of error lacks merit.

{¶39} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.