DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Bischoff, Jr. appeals the sentence of the Adams County Court of Common Pleas. Bischoff argues, in part, that the trial court violated his right to due process of law when it sentenced him to consecutive sentences despite the considerations mandated by R.C. 2929.12 and 2929.13. Specifically, Bischoff contends that the trial court's sentence was improper because he proved mitigating factors; namely that the criminal charges arose out of a controlled buy sought by the State and that the facts show he was an unlikely candidate for recidivism. We disagree. R.C. 2929.12 and 2929.13 provide the trial court with factors to consider when deciding whether imprisonment is the appropriate punishment. If punishment is appropriate, the trial court may only sentence a defendant to consecutive sentences if it finds all the elements contained in R.C. 2929.14(E)(4). Therefore, whether the trial court properly considered the factors contained in R.C. 2929.12 and 2929.13 is irrelevant to an assignment of error claiming only that the trial court improperly imposed consecutive sentences. Bischoff also argues that the trial court denied him due process of law by failing to provide the reasons for imposing a consecutive sentence under R.C. 2929.14(E)(4). Because we find that the trial court failed to give sufficient reasons for finding consecutive sentences necessary, we agree. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} On March 19, 2003, an Adams County grand jury indicted Bischoff on: (1) one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32 and (2) three counts of trafficking in drugs in violation of R.C. 2925.03(A)(1). As part of a plea agreement, Bischoff pled guilty to the three counts of drug trafficking as felonies in the fourth degree, and the State dismissed the corrupt activity charge.
 {¶ 3} Bischoff requested a pre-sentence hearing, which the trial court held on September 19, 2003. At that hearing Bischoff presented four witnesses on his behalf. Each witness testified that he or she had known Bischoff for a number of years and never knew him to sell drugs. They also testified they overheard the police informant in the case offer to buy drugs from Bischoff and that Bischoff denied each offer. The witnesses also testified to Bischoff's poor health at the time just preceding his arrest. According to the testimony, Bischoff suffered from a blood clot in his leg, which caused him considerable pain. They also testified that Bischoff needed transportation to the local VA hospital, but none of the witnesses were able to provide him with a ride. The police informant, did not testify at the pre-sentence hearing.
 {¶ 4} At the sentencing hearing, Bischoff's counsel argued against imprisonment on the basis that the factors listed in R.C.2929.11, 2929.12, and 2929.13 did not mandate a prison term. Specifically, Bischoff's counsel argued that no factors existed to show that Bischoff's offenses were aggravated offenses and that certain factors actually showed that the offenses were less serious offenses. Bischoff's attorney contended that Bischoff only sold the drugs to the informant because he was in pain and needed a ride to the VA hospital, which the informant promised him in return for the sale of the drugs. Bischoff also made a statement at the sentencing hearing, in which he claimed the charges arose out of an "isolated incident."
 {¶ 5} The trial court sentenced Bischoff to sixteen months imprisonment on all three counts of drug trafficking, a fine of $1,000 on each count, and suspended his driver's license for one year. In addition, the trial court ordered that Bischoff serve the sentences consecutively. At the sentencing hearing, the trial court stated: "The Court * * * finds that a combination of community control sanction would demean the serious of the offender's conduct. That a prison sentence is commensurate with the seriousness of the defendants' conduct. And that a prison sentence does not place an unnecessary burden on the state government and resources. The Court further finds that a prison sentence is necessary to protect the public from future crime by the offender. The Court further finds that the defendant has previously served two prison sentences in 1971 and 1982, both of which involved trafficking in drugs. The defendant was placed on probation in 1982 and his probation was subsequently revoked for new offenses, which included complicity and the sale of intoxicating liquor, and keeping a place where intoxicating liquor was sold. The defendant's criminal history clearly demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." (Sic.)
 {¶ 6} Bischoff appeals and raises the following assignment of error: "Defendant was denied due process of law in receiving consecutive sentences."
 II. {¶ 7} In his sole assignment of error, Bischoff raises two issues. First, Bischoff argues that the imposition of consecutive sentences violates his right to due process of law when: (1) the drug trafficking charges arose out of a controlled buy sought by the State through an informant and (2) the defendant has other mitigating factors, such as a low likelihood of recidivism because his last offense occurred in 1982; he has led a law-abiding life since 1982; and the offenses occurred under circumstances that are not likely to reoccur. Second, Bischoff argues that the trial court violated his right to due process of law when it merely recited the statutory factors necessary for imposing consecutive sentences without stating its reasons for finding those factors applicable.
 {¶ 8} Pursuant to R.C. 2953.08(A)(4), a defendant convicted of a felony may appeal on the ground that his sentence is contrary to law. An appellate court may reverse a sentence only when it finds by clear and convincing evidence that the record does not support the sentence or the sentence is contrary to law. R.C. 2953.08(G)(2). However, an appellate court may also reverse a consecutive sentence when the trial court fails to make its required findings or the reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one of the syllabus. Under this standard of review, the appellate court does not substitute its judgment for that of the trial court, but it also does not simply defer to the trial court's discretion. State v. Keerps,
Washington App. No. 02CA2, 2002-Ohio-4806, at ¶ 17.
 {¶ 9} Generally, a trial court should impose concurrent sentences. R.C. 2929.41(A). R.C. 2929.14(E)(4) sets forth an exception to this general rule. This statute sets out a tripartite procedure that a trial court must follow when it imposes consecutive sentences. First, a trial court must find that the consecutive sentences are necessary to protect the public or to punish the offender. R.C. 2929.14(E)(4). Second, a court must find that the proposed consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and the "danger" that the offender poses. R.C. 2929.14(E)(4). Third, a court must find the existence of one of the three enumerated circumstances in subparts (a) through (c), which provide:
 {¶ 10} "(a) The offender committed multiple offenses while the offender was awaiting trial or sentencing, was under a sanction pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(a)-(c). See also, Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 464, § 7.9.
 {¶ 11} Bischoff argues, in part, that the trial court's imposition of consecutive sentences violates his right to due process of law because certain mitigating factors tending to show that his offense was less serious. In support, Bischoff cites R.C. 2929.12 and 2929.13. However, R.C. 2929.12 and 2929.13 are not the proper statutes for determining the appropriateness of consecutive sentences. R.C. 2929.12(B)-(D) set out the factors for a trial court to use when determining whether prison is the appropriate punishment for a defendant convicted of a felony. R.C. 2929.13(B)(1) provides the trial court with factors to consider in sentencing an offender for a felony of the fourth or fifth degree. Here, the trial court considered these factors and then decided to sentence Bischoff to consecutive sentences pursuant to R.C. 2929.14(E)(4).
 {¶ 12} In his brief, Bischoff fails to argue that the trial court improperly applied R.C. 2929.14(E)(4). Instead, his entire argument rests on R.C. 2929.12 and 2929.13, but he does not claim that prison was an inappropriate sentence. In fact, Bischoff concedes that his prior sentences in 1971 and 1982 favor a prison sentence for his current convictions. The fact that Bischoff may meet some of the factors tending to prove that his offenses were less serious than conduct normally constituting those offenses and that he is unlikely to recidivate pursuant to R.C. 2929.12
and 2929.13 goes to whether prison is appropriate and the length of a prison sentence; not to whether the trial court properly imposed consecutive sentences under R.C. 2929.14(E)(4). In his brief, Bishoff even states that "[a] court may not impose consecutive sentences for multiple offenses unless it finds three statutory factors" as provided in R.C. 2929.12(E)(4). In relation to R.C. 2929.14(E)(4) Bischoff only argues that the trial court failed to provide the reasons for its findings as required by R.C. 2929.19, but not that the trial court improperly considered the factors listed in that statute. Accordingly, Bischoff's argument that the trial court improperly sentenced him to consecutive sentences despite the factors listed in R.C. 2929.12
and 2929.13 is without merit.
 {¶ 13} Bischoff's argument that the trial court failed to recite the reasons for its findings under R.C. 2929.14(E)(4) in violation of R.C. 2929.19(B)(2)(c) has merit. R.C.2929.19(B)(2)(c) states: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under Section 2929.14 of the Revised Code, its reasons for imposing consecutive sentences * * *."
 {¶ 14} Bischoff contends that the trial court made the tri-partite findings required by R.C. 2929.14(E)(4), but failed to give its reasons for making those findings. We agree.
 {¶ 14} At the sentencing hearing, the trial court found: (1) "that a prison sentence is necessary to protect the public from future crime by [Bischoff];" (2) "[t]hat a prison sentence is commensurate with the seriousness of [Bischoff's] conduct;" and (3) that Bischoff's "criminal history clearly demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." In its first two findings, which are required by R.C. 2929.14(E)(4), the trial court simply states that a prison sentence is necessary, but not consecutive sentences. Even if we were to interpret these two findings to include consecutive sentences, the trial court gave absolutely no reasons for these findings as required by R.C. 2929.12(B)(2)(c). On this basis alone, the sentence must be reversed and the cause remanded.
 {¶ 15} The third finding is within the mandates of R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c). The trial court specifically states that Bischoff's previous criminal conduct mandates consecutive sentences to protect the public. Also, the trial court gives its reasons for this finding; namely Bischoff's 1971 and 1982 convictions for drug trafficking and his probation violated for the 1982 offense. However, this cannot overcome the fact that the trial court failed to do more than simply recite the first two statutory factors. R.C. 2929.19(B)(2)(c) required the trial court to give its reasons for finding all of the R.C.2929.14(E)(4) factors and it failed to do so. Accordingly, we sustain Bischoff's sole assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.
 III. {¶ 16} Bischoff erroneously argues that the trial court improperly sentenced him to consecutive sentences pursuant to R.C. 2929.12 and 2929.13. While those statutes are important in felony sentencing, their purpose is merely to assess whether prison is the appropriate sentence and, if so, the length of the sentence. R.C. 2929.14(E)(4) sets forth the factors a trial court must consider when imposing consecutive sentences. Because Bischoff fails to argue that the trial court improperly applied the factors contained in R.C. 2929.14(E)(4), his argument is without merit. However, Bischoff's argument that the trial court failed to properly set forth the R.C. 2929.14(E)(4) factors, and its reasons for finding those factors applicable, has merit. R.C.2929.19(B)(2)(c) requires trial courts set forth the applicable factors and the reasons for finding those factors applicable when sentencing a defendant to consecutive sentences under R.C.2929.14(E)(4). Because the trial court failed to provide the reasons for finding two of the required R.C. 2929.14(E)(4) factors, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.