DECISION AND JUDGMENT ENTRY
{¶ 1} Mark W. Warren appeals the judgment of the Hocking County Court of Common Pleas sentencing him to fourteen months in prison for failing to appear before the court at his sentencing hearing in Case No. 02-CR-039. Warren contends that the trial court erred by: (1) imposing a prison sentence; (2) failing to impose the minimum prison sentence; and (3) imposing a consecutive sentence. Because we find that the trial court considered the appropriate statutory factors, made the statutorily required findings, and adequately stated the reasons for those findings at the sentencing hearing we cannot find by clear and convincing evidence that Warren's sentence is unsupported by the record or contrary to law. Accordingly, we overrule each of Warren's assignments of error and affirm the trial court's judgment.
 I. {¶ 2} In June 2003, the Hocking County Grand Jury indicted Warren on two counts of possession of drugs in violation of R.C.2925.11(A)(C)(1)(a), felonies of the fifth degree, and one count of failure to appear after having been released upon a recognizance bond in violation of R.C. 2937.99(A), a felony of the fourth degree. The charge for failure to appear arose out of Warren's failure to appear at his sentencing hearing in Hocking County Court of Common Pleas Case No. 02-CR3-9, after entering a guilty plea on the charge of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree.
 {¶ 3} Warren initially entered a general plea of not guilty, but later pled guilty to the failure to appear charge. Pursuant to the terms of his plea agreement, the state dropped the two possession charges. On January 28, 2004, the trial court sentenced Warren to fourteen months in prison, to be served consecutive to the sentence he received in Fairfield County Case No. 03-CR-91 for fleeing and eluding.
 {¶ 4} Warren timely appeals, raising the following assignments of error:
"[I.] THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON THE APPELLANT. [II.] THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE MINIMUM PRISON SENTENCE OF SIX MONTHS UPON THE APPELLANT. [III.] THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE SENTENCE UPON THE APPELLANT."
 II. {¶ 5} In his first assignment of error, Warren contends that the trial court erred by imposing a prison sentence rather than community control sanctions. Specifically, Warren argues that a prison sentence does not comply with the overriding purposes of sentencing as outlined in R.C. 2929.11.
 {¶ 6} R.C. 2953.08(A)(4) provides that a defendant convicted of a felony may appeal on the ground that his sentence is contrary to law. We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2). See, also, State v. Ward, Washington App. No. 04CA25, 2005-Ohio-1580; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. In reviewing a felony sentence, we do not substitute our judgment for that of the trial court, nor do we simply defer to its discretion. State v. Mustard, Pike App. No. 04CA724,2004-Ohio-4917, at ¶ 19, citing State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. Id. citing Statev. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 7} R.C. 2929.11 requires that a sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). Therefore, the trial court should impose a sentence reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
 {¶ 8} In sentencing an offender for a fourth or fifth degree, non-drug felony, a trial court must first apply the factors enumerated in R.C. 2929.13(B)(1) concerning the offender's conduct in connection with the offense, the nature of his offense, and his status at the time of the offense. See, Statev. Anderson, Washington App. No. 03CA3, 2004-Ohio-1033, at ¶ 108, citing State v. Kawaguchi (2000), 137 Ohio App.3d 597,739 N.E.2d 392; State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21. See, also, Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.), Section 6.14. If the court determines that one or more of the nine factors enumerated in R.C. 2929.13(B)(1) is present, the trial court must impose a prison term if the court also finds that: (1) after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (2) the offender is not amenable to available community control sanctions. R.C. 2929.13(B)(2)(a).
 {¶ 9} In contrast, the court must impose a community control sanction or combination of community control sanctions if: (1) the court does not make one of the nine findings enumerated in R.C. 2929.13(B)(1); and (2) after considering the seriousness and recidivism factors set forth in R.C. 2929.12, finds that imposing a community control sanction, or combination of such sanctions, is consistent with the purposes and principles of sentencing. R.C. 2929.13(B)(2)(b).
 {¶ 10} Here, the trial court found that Warren had a prison record, thereby satisfying R.C. 2929.13(B)(1)(g). Therefore, the court was not required to impose community control sanctions under R.C. 2929.13(B)(2)(b). The trial court also found that a prison sentence was necessary to protect the public and punish the offender, thereby satisfying the purposes and principles of sentencing enumerated in R.C. 2929.11. Thus, the trial court's findings satisfy the first two requirements for imposing a mandatory prison sentence as enumerated in R.C. 2929. 13(B)(2)(a). However, the trial court did not make a finding that Warren was not amenable to community control as required by that statute to make a prison sentence mandatory.
 {¶ 11} We have previously found that "[w]hen the statute neither specifically mandates prison nor community control (i.e. when no combination of the R.C. 2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C)." State v. Baird, Hocking App. No. 02CA24, 2003-Ohio-1055, ¶ 12, citing Stanley, supra, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 388-89, Section 6.13; State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121. See, also, State v. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, overruled on other grounds by State v.Martin (1999), 136 Ohio App.3d 355, 362. Therefore, in determining whether to impose a prison sentence, the sentencing court "shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C).
 {¶ 12} R.C. 2929.12(A) specifically provides that: "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." In exercising that discretion, the court must consider the seriousness and recidivism factors enumerated in R.C.2929.12(B)-(E), and may also consider any other factors that it finds relevant to achieving those purposes and principles of sentencing. R.C. 2929.12(A). When a trial court imposes a prison sentence for a fourth degree felony, the court must make a finding setting forth its reasons for imposing the prison term. That finding must be based upon the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, and any factors listed in divisions (B)(1)(a) to (i) of section2929.13 of the Revised Code that it found to apply relative to the offender. R.C. 2929.19(B)(2)(a).
 {¶ 13} In its sentencing entry, the trial court noted that it had considered the record, oral statements and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. At the sentencing hearing, the trial court reviewed Warren's PSI and found two factors tending to demonstrate that he is likely to commit future crimes under R.C.2929.12(D). First, the trial court found that Warren had a criminal record. See, R.C. 2929.12(D)(2). The court noted that Warren's criminal record included: promoting prostitution; minor misdemeanor drug abuse; no operator's license; disorderly conduct; driving under suspension on two separate occasions; obstruction of a township or county road; possession of cocaine; and fleeing and eluding. Second, the court found that at least one of the offenses occurred while Warren was out on bond or recognizance. See, R.C. 2929.12(D)(3).
 {¶ 14} The trial court noted that the shortest prison term was not available because Warren was previously sentenced to prison. Additionally, the court noted that the longest prison term was not appropriate because Warren had not committed the worst form of the offense. The court also specifically found that consecutive sentences were: (1) necessary to protect the public and punish the offender based upon Warren's criminal history; and (2) not disproportionate to the danger Warren posed. In support of its findings, the court noted that after Warren failed to appear for his sentencing, he attempted to escape when officers confronted him to arrest him.
 {¶ 15} The trial court's findings demonstrate that the court considered the overriding purposes and principles of sentencing as outlined in R.C. 2929.11, as well as the seriousness and recidivism factors enumerated in R.C. 2929.12. The trial court certainly could have stated its findings and reasons more articulately by including specific references to the relevant statutory sections and factors to explain its actions and aid in our review. However, we conclude that the trial court adequately stated the reasons supporting its imposition of a prison term for Warren's offense in light of the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, and its finding, pursuant to R.C. 2929.13(B)(1)(g), that Warren had previously served a prison term. Therefore, we cannot find by clear and convincing evidence that the trial court's imposition of a prison sentence is unsupported by the record or is contrary to law. Accordingly, we overrule Warren's first assignment of error.
 III. {¶ 16} In his second assignment of error, Warren contends that the trial court erred in failing to impose the minimum prison sentence. Warren argues that, pursuant to the Ohio Supreme Court's holding in State v. Edmonson, 86 Ohio St.3d 324, a court must first consider imposing the minimum sentence. Then, if the court elects to impose a sentence greater than the statutory minimum, he contends that the court must make a finding, on the record, that the shortest prison term will either demean the seriousness of the offenders conduct or will not adequately protect the public from future crime. We disagree.
 {¶ 17} R.C. 2929.14(B) provides that: "Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of thefollowing applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 18} Thus, pursuant to the plain language of R.C.2929.14(B), the trial court must make only one of the enumerated findings in order to depart from the minimum sentence. InEdmonson, the offender had never served a prior prison term.Edmonson, syllabus at paragraph two. Therefore, in order to depart from the presumption in favor of minimum sentences, the trial court had to find, on the record, that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime.
 {¶ 19} Here, in contrast, the record reflects that Warren served prior prison terms. The transcript of the sentencing hearing reflects that the trial court considered the minimum sentence, but found that it was not available because of Warren's prior prison sentences. The court's finding satisfies the requirements of R.C. 2929.14(B). Therefore, we conclude that the trial court did not err in imposing a sentence that exceeded the statutory minimum sentence. Accordingly, we overrule Warren's second assignment of error.
 IV. {¶ 20} In his third assignment of error, Warren contends that the trial court erred in ordering him to serve his sentence consecutive to his sentence for fleeing and eluding in Fairfield County Case No. 03-CR-91. Specifically, Warren contends that the trial court failed to state its reasons for imposing consecutive sentences as required by State v. Comer (2003),99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 21} R.C. 2929.41(A) demonstrates a preference for concurrent sentences. However, R.C. 2929.14(E)(4) sets forth an exception to this general rule. This statute sets out a tripartite procedure that a trial court must follow when it imposes consecutive sentences. State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, a trial court must find that the consecutive sentences are necessary to protect the public or to punish the offender. R.C. 2929.14(E)(4). Second, a court must find that the proposed consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that the offender poses. R.C. 2929.14(E)(4). Third, a court must find the existence of one of the three circumstances enumerated in subparts (a) through (c), which provide:
 {¶ 22} "(a) The offender committed multiple offenses while the offender was awaiting trial or sentencing, was under a sanction pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(a)-(c). See also, State v. Bischoff, Adams App. No. 03CA777,2004-Ohio-6825, at ¶ 9-10; Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 464, § 7.9.
 {¶ 23} Additionally, the court must comply with R.C.2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * [i]f it imposes consecutive sentences under section2929.14 of the Revised Code." See State v. Mosher, Athens App. 02CA49, 2003-Ohio-4439, at ¶ 7, citing State v. Jones,93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Id., citing State v. Brice
(Mar. 29, 2000), Lawrence App. No. 98CA24. Thus, after a sentencing court has made the required findings under R.C.2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive terms. Id., citing Brice; State v. Blair (Dec. 27, 1999) Scioto App. Nos. 98CA2588, 98CA2589. In State v. Comer, supra, the Ohio Supreme Court held that "pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer at paragraph one of the syllabus.
 {¶ 24} Here, the trial court found that the consecutive sentences are necessary to protect the public and to punish the offender. Then, the trial court found that consecutive sentences are not disproportionate to the offender's conduct and the danger he poses. Thus, the trial court's findings satisfy the first two parts of the R.C. 2929.14(E) tripartite procedure for imposing consecutive sentences. Next, the court found that Warren's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender, thus satisfying R.C. 2929.14(E)(4)(c) and completing the third part of the tripartite procedure. Furthermore, in his brief, Warren concedes that the trial court made the findings required by 2929.14(E).
 {¶ 25} However, Warren argues that the trial court failed to state its reasons for imposing consecutive sentences as required by Comer. The sentencing hearing transcript reveals that the trial court gave the following reasons for imposing its sentence consecutive to Warren's sentence in Fairfield County Case Number 03C-R-91: (1) the crime was committed while Warren awaited sentencing; (2) Warren simply did not appear for sentencing; and (3) even after Warren failed to appear for his sentencing, he attempted to escape when officers confronted him to arrest him. Therefore, we conclude that the trial court complied with the requirements of R.C. 2929.14(E), R.C. 2929.19(B)(2)(c), and the Ohio Supreme Court's holding in Comer, supra, in ordering that Warren serve his sentence consecutively with his sentence in Fairfield Case No. 03-CR-91. Hence, we cannot find by clear and convincing evidence that the trial court's imposition of consecutive sentences is unsupported by the record or that it is contrary to law. Accordingly, we overrule Warren's third assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.