OPINION
{¶ 1} Defendant-appellant Dale W. Wilson, Jr. appeals his sentences entered by the Coshocton County Court of Common Pleas on two counts of sexual battery, in violation of R.C.2907.03(A)(5). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On November 2, 2001, the Coshocton County Grand Jury indicted appellant on two counts of rape, in violation of R.C.2907.02(A)(1)(b); one count of rape, in violation of R.C.2907.02(A)(2); and three counts of sexual battery, in violation of R.C. 2907.03(A)(5). The victim in all of the offenses was appellant's daughter, who was nineteen years old at the time of the indictment. Appellant entered pleas of not guilty to all the charges at his arraignment on November 16, 2001. The matter proceeded to jury trial. After hearing the evidence and deliberations, the jury found appellant guilty of two counts of sexual battery and acquitted appellant on the remaining counts. The trial court ordered a presentence investigation and scheduled a sentencing hearing for August 29, 2002. At the hearing, the trial court sentenced appellant to a definite term of imprisonment of five years on each count, and ordered the sentences be served consecutively. The trial court memorialized the sentences via Judgment Entry on Sentencing filed September 6, 2002.
{¶ 3} It is from this judgment entry appellant appeals, raising the following assignments of error:
{¶ 4} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF R.C. 2929.14(B), AND (E)(4).
{¶ 5} "II. THE TRIAL COURT ERRED IN FAILING TO MERGE THE TWO COUNTS OF SEXUAL BATTERY THAT APPELLANT WAS CONVICTED OF COMMITTING."
 I
{¶ 6} In his first assignment of error, appellant contends the trial court's sentence violated R.C. 2929.14(B), and (E)(4). We disagree.
{¶ 7} We first address appellant's assignment of error as it relates to the trial court's imposition of the maximum sentences for his convictions. Appellant was sentenced on two felonies of the third degree. The penalty for a felony of the third degree is a term of imprisonment from one to five years. R.C.2929.14(A)(3). In the instant action, the trial court sentenced appellant to two five year periods of incarceration.
{¶ 8} R.C. 2929.14(B) provides:
{¶ 9} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
{¶ 10} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
{¶ 11} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 12} In interpreting this requirement, the Supreme Court of Ohio has held: "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence."State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, syllabus. (Emphasis in original). Rather, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
{¶ 13} At the sentencing hearing, the trial court specifically found the shortest prison sentence would demean the seriousness of appellant's conduct and would not adequately protect the public. Dispositional Hrg. at 30. Accordingly, we find the trial court complied with R.C. 2929.14(B) in imposing more than the minimum sentence on appellant.
{¶ 14} Appellant further maintains the trial court improperly relied upon the parent-child relationship as the sole factor in concluding appellant was guilty of the worst form of the offense; therefore, justifying the imposition of the maximum sentence. Appellant was convicted of sexual battery, in violation of R.C.2907.03(A)(5), which provides:
{¶ 15} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
{¶ 16} "(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."
{¶ 17} Appellant explains because a parental relationship is a basic element of the offense by using that factor in sentencing appellant to the maximum sentences, the trial court was "in essence saying that anyone who is guilty of the that section will always deserve the maximum sentence." Appellant's Brief at 4. We agree with appellant the trial court cannot use an enhancement element as the sole basis for finding a violation was the worst form of the offense. However, we find the trial court herein did not rely upon the parent child relationship as the sole basis for finding appellant had committed the worst form of the offense. The trial court stated:
{¶ 18} "THE COURT: I had the opportunity to review the presentence investigation and report, and it contains the customary information, including the criminal record as was previously alluded to. It does also summarize in tabular form the recidivism likely and recidivism unlikely factors and the more serious, less serious factors. Briefly, those are highlighted as being, the more serious, the offender held a position of trust, father, and that the relationship with the victim facilitated with the offense, daughter * * *
{¶ 19} "I would also point out that I have had the opportunity to be present throughout and to hear the evidence presented in the court of the previous jury trial in this situation which was extensive and which went for quite some time.
{¶ 20} "In addition to those opportunities, I have * * * had the opportunity * * * to review countless pages of Children Services records * * *
{¶ 21} "And in hearing that evidence, in reviewing that testimony, and considering and reconsidering the peculiar aspects of this case as differentiated from, perhaps, the run-of-the-mill sexual battery case, there is one recurring theme that seems to stand out more than any other, and that, simply put, Mr. Wilson, is the significance of the father/daughter [relationship]. * * * The father/daughter relationship, Mr. Wilson, is a significant one. It's almost a sacred one. * * * And it's supposed to be a nurturing relationship. It's supposed to be one of trust, comfort, safety, reliability. * * *
{¶ 22} "* * * that role as a provider, that role as a protector, that role as a father, is supposed to trump everything else, Mr. Wilson. Everything else that exists. A child's life, certainly everything else that exits in a father's life, it's supposed to trump all the other problems that you might have, no matter what those problems are. * * *
{¶ 23} "And, according, Mr. Wilson, to the trial testimony in this case, you did terrible things to your young daughter. You caused her to do terrible things to you. And while there is really nothing that I can do today to undo the harm that you did, harm, by the way, Mr. Wilson, I have to say is so great that any single term of imprisonment does not adequately reflect the seriousness of your conduct. That harm is so great that I can't even suggest to you how you go about undoing it. Perhaps you fall on your knees and you beg her to forgive you, while simultaneous making such entreatly [sic] to whatever deity you hold as holy, Mr. Wilson. Maybe that' a start and maybe there will come a point in your life where that course of action seems to be appropriate to you. Maybe that begins to undo the harm that you, Mr. Wilson, Dale A. Wilson, Jr., committed.
{¶ 24} "There is no sentence that I can legally impose that is wholly satisfactory, that is wholly adequate in its response to the incredible, Mr. Wilson, the incredible degree of selfishness that you have demonstrated in the testified to facts of this case. More than anything else, Mr. Wilson, that's what your actions demonstrate. Your actions demonstrate an incredible incalculable, indescribable, impressionable selfishness. And until that fact is acknowledged by you, I'm not sure that any real healing can ever take place. So it's that aspect, together with the harm caused, that makes, in my opinion, the imposition of consecutive sentences appropriate. It's the harm to this victim caused by your actions that make this the worst form of the offense. * * *"
{¶ 25} Dispositional Hearing at 24-28.
{¶ 26} We find the trial court supported its imposition of the maximum sentences with the requisite record findings. Specifically, the trial court found appellant had committed the worst form of the offense as a result of the serious harm he had inflicted upon his victim.
{¶ 27} We now turn to appellant's assertion the trial court erred in imposing consecutive sentences upon him. In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following: "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense; b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or, c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Id. If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c).
{¶ 28} Based upon the reasons the trial court expressed at the sentencing hearing, as set forth supra, we find the trial court's imposition of consecutive sentences was not contrary to law.
{¶ 29} Appellant's first assignment of error is overruled.
 II
{¶ 30} In his second assignment of error, appellant asserts the trial court erred in failing to merge the two counts of sexual battery pursuant to R.C. 2941.25(A).
{¶ 31} R.C. 2941.25, which governs multiple counts, states, in part:
{¶ 32} "(A) "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
{¶ 33} One of the convicted counts covered conduct occurring between December 16, 1995, and February 13, 1998. The second count involved conduct from February 15, 1998, through February 28, 2000. Appellant asserts the counts allege the same conduct and are allied offenses of similar import. Multiple violations of the same statute do not constitute allied offenses of similar import, and, as such, a defendant may be sentenced for each violation. State v. Larsen (1993), 89 Ohio App.3d 371. While the two convictions may have been for the same type of or similar conduct, they were not for the same conduct.
{¶ 34} Appellant's second assignment of error is overruled.
{¶ 35} The judgment of the Coshocton County Court of Common Pleas is affirmed.
Judgment affirmed.
Wise and Boggins, JJ. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.