The STATE of Ohio, Appellee,

v.

SCHMOLL, Appellant.

[Cite as *State v. Schmoll*, 163 Ohio App.3d 677, 2005-Ohio-5379.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 05CAA02005.

Decided Oct. 7, 2005.

Frank P. Darr, for appellee.

Chad A. Heald, for appellant.

FARMER, Judge.

{¶ 1} On February 2, 2004, the Delaware County Grand Jury indicted appellant, John Schmoll, on 11 counts of theft in violation of R.C. 2913.02, one count of

telecommunications fraud in violation of R.C. 2913.05, and one count of corrupt practices in violation of R.C. 2923.32.

{¶ 2} On August 16, 2004, appellant pleaded guilty to one count of theft in the fourth degree, four counts of theft in the fifth degree, and the fraud count in the fourth degree. The remaining charges were dismissed. By judgment entry filed January 24, 2005, the trial court sentenced appellant to 16 months in prison on the fourth-degree theft offense and 11 months on one of the fifth-degree theft offenses, to be served consecutively. The trial court sentenced appellant to five years' community control on the remaining counts, to be served after the prison sentences. As part of the community-control requirements, the trial court ordered appellant to pay restitution based upon all of the counts in the indictment and ordered him to pay $400 per month towards restitution, to begin immediately.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 4} "The trial court erred by ordering the defendant to pay restitution on counts which were dismissed as part of the plea negotiations with the state of Ohio."

II

{¶ 5} "The trial court committed reversible error in finding the defendant not amenable to an available community control sanction and sentencing the defendant to prison terms for fourth and fifth degree felonies."

III

{¶ 6} "The trial court erred by sentencing the appellant to consecutive sentences."

IV

{¶ 7} "The trial court erred by sentencing Mr. Schmoll to a non-minimum prison term based on facts not found by the jury or admitted by Mr. Scholl."

V

{¶ 8} "The trial court committed reversible error by ordering the defendant to pay restitution while he is incarcerated, prior to the commencement of his

community control sanctions and his only income is through a V.A. benefits check."

{¶ 9} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:

{¶ 10} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶ 11} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶ 12} "(b) That the sentence is otherwise contrary to law."

{¶ 13} Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

{¶ 14} It is with this standard that we now review the assignments of error.

I

{¶ 15} Appellant claims that the trial court erred in ordering restitution on counts that were dismissed. We agree.

{¶ 16} In its appellate brief, the state concedes this issue pursuant to this court's opinion in *State v. Stokes* (Nov. 28, 2001), Holmes App. No. 01CA018, 2001 WL 1518756. The restitution order is reversed, and the matter is remanded to the trial court for recalculation.

{¶ 17} Assignment of Error I is sustained.

II

{¶ 18} Appellant claims that the trial court erred in imposing prison terms on two of the fourth- and fifth-degree felonies. We disagree.

{¶ 19} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (B)(1) states the following:

{¶ 20} "Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:

{¶ 21} "(a) In committing the offense, the offender caused physical harm to a person.

{¶ 22} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

{¶ 23} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

{¶ 24} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

{¶ 25} "(e) The offender committed the offense for hire or as part of an organized criminal activity.

{¶ 26} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.

{¶ 27} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

{¶ 28} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 29} "(i) The offender committed the offense while in possession of a firearm."

{¶ 30} R.C. 2929.11 governs overriding purposes of felony sentencing and states the following:

{¶ 31} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 32} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 33} R.C. 2929.12 governs factors to consider in felony sentencing and states the following:

{¶ 34} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶ 35} Subsections (B), (C), (D), and (E) list numerous factors to be considered.

{¶ 36} In sentencing appellant to prison instead of community control on two of the offenses, the trial court found the following:

{¶ 37} "One, the victim in this case definitely experienced serious psychological harm, since part of the victims are nonprofit organizations or charities, every penny counts; the court also found they experienced economic harm. I disagree with Mr. Boger, I find that you did hold a position of trust, you made yourself out to be a fundraiser for charitable causes; you violated that trust. If you hadn't held yourself out you would have never gotten a hold of this money to begin with.

{¶ 38} "I also find that you are quote, a professional, that you created for yourself, that facilitated these offenses. I also find that the offenses here were facilitated by the relationship that you made with the victims. And I don't subscribe to the strict definition of organized criminal activity. You went through more elaborate planning than some young black kid who walked in off the street, who robs a 7–11. You thought this process through, and as far as I'm concerned it qualifies as an organized crime; I so find."

{¶ 39} In its judgment entry of January 24, 2005, the trial court listed these factors plus the fact that appellant "posed as a handicapped and disabled police officer to secure charitable contributions." The trial court also noted that the offenses "covered in excess of three (3) years."

{¶ 40} Upon review, we find that the trial court met the requirements set forth in the statutes. The trial court did not err in sentencing appellant to prison terms on two of the fourth- and fifth-degree felonies.

{¶ 41} Assignment of Error II is overruled.

III

{¶ 42} Appellant claims that the trial court erred in ordering consecutive sentences. We disagree.

{¶ 43} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:

{¶ 44} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 45} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 46} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 47} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 48} R.C. 2929.19 governs sentencing hearings. Subsection (B)(2)(c) states the following:

{¶ 49} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

{¶ 50} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."

{¶ 51} In *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus, the Supreme Court of Ohio held, "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."

{¶ 52} In sentencing appellant to consecutive sentences, the trial court noted the following:

{¶ 53} "It is my specific finding that consecutive sentences are necessary because of the seriousness of your misconduct, and to protect society.

{¶ 54} "I do not find that consecutive sentences are disproportionate to the seriousness of the conduct, to the contrary they would not be disproportionate and you shall serve said sentences consecutively.

{¶ 55} "It is necessary, in my opinion, to make this statement on this type of conduct, in this court's opinion some of the worst conduct any criminal can perform or commit, therefore it is necessary that you be given consecutive sentences to punish you for these offenses and to protect society from further criminal acts."

{¶ 56} In its judgment entry of January 24, 2005, the trial court specifically found, "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct."

{¶ 57} Upon review, we find that the trial court met the requirements set forth in the statutes and the *Comer* decision. The trial court did not err in sentencing appellant to consecutive sentences.

{¶ 58} Assignment of Error III is overruled.

## IV

{¶ 59} Appellant claims that the trial court erred in sentencing him to prison terms in light of the decisions of the United States Supreme Court in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. We disagree.

{¶ 60} Appellant argues that these cases mandate that the factors set forth in R.C. 2929.13, which affect the imposition of imprisonment versus community-control sanctions, are to be determined by a jury.

{¶ 61} In *State v. Iddings* (Nov. 8, 2004), Delaware App. No. 2004CAA06043, 2004-Ohio-7312, 2004 WL 3563921, ¶ 12, this court examined the *Apprendi* and *Blakely* decisions and found that they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." This court further held at ¶ 20–21:

{¶ 62} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. *Harris v. United States* [2002], 536 U.S. [545] at 568, 122 S.Ct. [2406] at 2420, 153 L.Ed.2d 524. (Citing *McMillan v. Pennsylvania* (1986), 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67).

{¶ 63} "Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony."

{¶ 64} Based upon this well-reasoned opinion, we find that the trial court did not err in sentencing appellant in light of *Apprendi* and *Blakely*.

{¶ 65} Assignment of Error IV is overruled.

V

{¶ 66} Appellant claims that the trial court erred in ordering him to pay restitution during his incarceration. We disagree.

{¶ 67} In ordering appellant to pay restitution, the trial court stated the following:

{¶ 68} "The Court inquired of the Defendant concerning his disabilities and the matter of restitution. Defendant advised that he would receive his $454.00 per month Veterans disability even while in prison. Therefore, the Court Ordered that the Defendant shall pay restitution in full in the sum of $22,800.00 at a rate of $400.00 per month commencing on December 1, 2004."

{¶ 69} Appellant argues that the trial court ordered him to pay restitution as a condition of community control and, therefore, he should not have to pay restitution until he is subject to the community-control sanctions. A close reading of the January 24, 2005 judgment entry demonstrates that the trial court did not order restitution as a condition under community control, but instead set it apart as a penalty as permitted by R.C. 2929.11(A) and 2929.18.

{¶ 70} Appellant also argues that the trial court erred in attaching his veterans' benefits, as they are exempt from attachment. The state concedes that such an attachment would be subject to challenge. However, the trial court did not order an attachment of the veteran's benefits. Therefore, we find this argument to be premature.

{¶ 71} Assignment of Error V is overruled.

{¶ 72} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part, and the cause is remanded.

Judgment accordingly.

GWIN, P.J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

HOFFMAN, Judge, concurring in part and dissenting in part.

{¶ 73} I concur in the majority's analysis and disposition of appellant's first, second, third, and fifth assignments of error.

{¶ 74} I respectfully dissent from the majority's analysis and disposition of appellant's fourth assignment of error for the reasons set forth in my dissenting opinion in *State v. Hughett* (Nov. 18, 2004), Delaware App. No. 04–CA–06051, 2004-Ohio-6207, 2004 WL 2648784.