OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Runako Stroud, appeals the decision of the Mahoning County Court of Common Pleas that sentenced her to the maximum prison sentence for voluntary manslaughter. On appeal, Stroud argues that the trial court engaged in unconstitutional fact-finding, that it improperly relied on an element of the offense when sentencing her to the maximum possible prison term, and that the judicial remedy for the unconstitutionality of Ohio's former felony sentencing scheme is itself unconstitutional. Of these arguments, only one has any merit.
 {¶ 2} In this case, the only factor the trial court relied upon when sentencing Stroud to the maximum possible prison term was the fact that a person died when the offense was committed. However, this was an element of the offense and the trial court did not explain why that fact was more than simply an element of the offense. Accordingly, the trial court acted contrary to law when it sentenced Stroud. Stroud's sentence is vacated and this case is remanded for resentencing.
 Facts {¶ 3} On March 17, 2005 Stroud was indicted for one count of murder, a violation of R.C. 2903.02(A), for purposely causing the death of Alvin Montgomery. After initially pleading not guilty, Stroud pled guilty to the charge of voluntary manslaughter, a violation of R.C. 2903.03(A), a first degree felony. The court accepted the plea and found Stroud guilty. On October 4, 2005, the trial court sentenced Stroud to the maximum possible prison term, 10 years.
 {¶ 4} Stroud appealed her sentence to this court and this court reversed her sentence in the wake of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, which held that portions of Ohio's felony sentencing scheme were unconstitutional. See State v. Stroud, 7th Dist. No. 05 MA 179, 2006-Ohio-7079, at ¶ 6-7, 21.
 {¶ 5} The trial court held a new sentencing hearing on March 9, 2007, and issued a sentencing entry on May 21, 2007. In that entry, the trial court reimposed the maximum possible prison term on Stroud because "the worst form of the offense was committed in *Page 2 
that a life was taken."
 Constitutionality of Judicial Fact-finding {¶ 6} In her first of four assignments of error, Stroud argues:
 {¶ 7} "The trial court erred when it applied unconstitutional statutory provisions and engaging in proscribed judicial factfinding at sentencing."
 {¶ 8} In this assignment of error, Stroud contends the trial court engaged in unconstitutional fact-finding when it concluded that Stroud deserved the maximum sentence because she committed the worst form of the offense. According to Stroud, the Ohio Supreme Court found that the statute which formerly required such a finding, R.C. 2929.14(C), was unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, so it is unconstitutional for a court to rely on such a factual finding after Foster. This argument demonstrates a basic misunderstanding of the principles underlying the Foster decision. Simply put, Foster held that it was unconstitutional for the Ohio General Assembly to mandate that a trial court find a particular fact before imposing a particular sentence. Furthermore, the decision explicitly stated that trial courts would have to engage in fact-finding when sentencing felony offenders in the future.
 {¶ 9} Former R.C. 2929.14(C) prohibited a trial court from imposing the maximum possible sentence for a criminal offense, except "upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In Foster, the Ohio Supreme Court held that R.C. 2929.14(C) was unconstitutional because it violated the defendant's right to a jury trial.
 {¶ 10} When making this conclusion, the Ohio Supreme Court relied on the decisions in Blakely v. Washington (2004) 542 U.S. 296 andUnited States v. Booker (2005), 543 U.S. 220. In Blakely, the United States Supreme Court clarified its holding in Apprendi v. NewJersey, 530 U.S. 466, 490, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," by *Page 3 
defining what the Court meant by the phrase "statutory maximum."Blakely held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic) (Citations omitted) Id. at 303-304.
 {¶ 11} When reaching this conclusion, the United States Supreme Court was careful to clarify that a defendant's right to a jury trial is not violated when a judge finds facts when determining an appropriate sentence; they only do so when they find facts mandated by statute when determining an appropriate sentence. Id. at 308-309.
 {¶ 12} "First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involvejudicial factfinding, in that a judge (like a parole board) mayimplicitly rule on those facts he deems important to the exercise of hissentencing discretion. But the fact do (sic) not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement on the traditional role of a jury is concerned." (Emphasis added) Id.
 {¶ 13} The Court's subsequent decision in Booker further demonstrated that the only thing in this context which violates a defendant's Sixth Amendment right to a jury trial is when a judge is required to find particular facts before increasing a defendant's sentence. That decision dealt with the constitutionality of the federal sentencing structure. The Court determined that trial courts violated defendants' rights when they sentenced them pursuant to the federal sentencing guidelines. Id. at 243-244. But when fashioning a remedy to this constitutional violation, the Court simply made those guidelines advisory, rather than mandatory. Id. at 245-246. Thus, the United States Supreme Court has clearly held that judges are allowed to find facts at sentencing. They *Page 4 
just cannot be legislatively mandated to find a particular fact in order to increase an offender's sentence.
 {¶ 14} The Ohio Supreme Court recognized this distinction inFoster. Although the Ohio Supreme Court held that the statutes, such as R.C. 2929.14(B), which mandated that certain findings were to be made, were unconstitutional, it held that other statutes, such as R.C. 2929.12, which only required that a trial court "consider" certain factors at sentencing, passed constitutional muster. Id. at ¶ 42.
 {¶ 15} "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are unconstitutional." Id. at ¶ 83.
 {¶ 16} In other words, both the United States and Ohio Supreme Courts have recognized that judges must make factual findings when making appropriate sentencing decisions. These courts held that judicial fact-findings violate a defendant's right to a jury trial when statutes mandate that a trial court find certain facts in order to increase an offender's sentence beyond that authorized solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 {¶ 17} The Constitution does not prevent judges from finding and considering facts when sentencing offenders for their crimes. Instead, a constitutional violation occurs when judges are required to find particular facts, which have not been found by a jury, when sentencing an offender to a particular sentence. Prior to Foster, a trial judge in Ohio did not violate an offender's rights when that judge determined that the offender committed the worst form of the offense; the offender's rights were violated because the judge was statutorilyrequired to find this fact before imposing a maximum sentence. *Page 5 
After Foster, Ohio's trial courts are no longer required to make those findings, so the offender's rights cannot be violated when the trial court considers those facts.
 {¶ 18} On a more practical level, the Ohio Supreme Court specifically stated in Foster that trial courts had to consider the factors in R.C. 2929.12 when imposing a sentence upon a felony offender. Id. at ¶ 42. Two sets of those factors deal with the seriousness of the offense. R.C. 2929.12(B), (C). The other two deal with the likelihood that the offender will commit future crime. R.C. 2929.12(D), (E). It would be irrational to require that a trial court consider factors dealing with the seriousness of an offense, while prohibiting it from concluding that the offender committed the worst form of that offense, or some similar formulation of this conclusion.
 {¶ 19} Stroud's argument that the trial court acted unconstitutionally when finding that she committed the worst form of the offense is meritless. Stroud's first assignment of error is meritless.
 Court's Reliance on Improper Factor at Sentencing {¶ 20} In her second and third assignments of error, Stroud argues:
 {¶ 21} "The trial court abused its discretion by increasing Ms. Stroud's sentence based on factors intrinsic to the underlying crime."
 {¶ 22} "The trial court abused its discretion in imposing the maximum sentence for manslaughter given the victim's history of abusing the defendant, the defendant's lack of a history of violence, the defendant's drug addition [sic], and the defendant's psychiatric history."
 {¶ 23} These assignments of error challenge the trial court's basis for sentencing Stroud to the maximum possible sentence for her crime. She first contends the trial court improperly relied on the fact that a life was lost in the commission of this offense as an aggravating factor to be used when judging the seriousness of the offense. According to Stroud, a victim's life must be lost in any case involving the offense of voluntary manslaughter. Since the legislature created a range from three to ten years imprisonment for this crime, then the mere fact that a life was lost does nothing to prove where a particular form of that offense falls within that statutory range. She then argues *Page 6 
that the factors found in R.C. 2929.12 show that she did not commit a serious form of the offense of voluntary manslaughter.
 {¶ 24} Before we can address the merits of these arguments, however, we must first state what standard of review we will use when reviewing felony sentences. Stroud argues that we should use an "abuse of discretion" standard of review, while the State contends that we must still use the statutory standard stated in R.C. 2953.08(G), which specifically rejects an "abuse of discretion" review.
 {¶ 25} This court has not yet definitively stated what standard of review we are adopting when reviewing sentences post-Foster. Our cases have vacillated between two options: abuse of discretion and clearly and convincingly contrary to law. See State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572, at ¶ 14 (abuse of discretion); State v. Dotson, 7th Dist. No. 06 BE 28, 2007-Ohio-1128, at ¶ 6-9 (clearly and convincingly contrary to law). After reviewing the relevant statutes and Ohio Supreme Court precedent, we reject applying an abuse of discretion standard of review in any manner when reviewing felony sentences and will instead apply the statutory standard in R.C. 2953.08(G)(2), reversing a sentence only if it is clearly and convincingly contrary to law.
 {¶ 26} R.C. 2953.08 governs appeals from felony sentences. In subsection 2953.08(G)(2), the legislature defined the standard of review we were to use when conducting that review. It states as follows:
 {¶ 27} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 28} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 29} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or *Page 7 
division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 30} "(b) That the sentence is otherwise contrary to law."
 {¶ 31} Thus, the plain language of this statute prevents appellate courts from applying an abuse of discretion standard of review in an appeal from a felony sentence. Prior to Foster, Ohio's appellate courts universally recognized that they were prohibited from reviewing a felony sentence for an abuse of discretion, even though some of the felony sentencing statutes, such as R.C. 2929.12(A), refer to a trial court's "discretion" when sentencing a felony offender. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165; at ¶ 10; State v. Schmoll,163 Ohio App.3d 677, 2005-Ohio-5379 (5th District); State v. Streeter,162 Ohio App.3d 748, 2005-Ohio-4000 (6th District); State v. McAdams,162 Ohio App.3d 318, 2005-Ohio-3895 (11th District); State v. Alvarez,154 Ohio App.3d 526, 2003-Ohio-5094 (2d District); State v. Neff, 3d Dist. Nos. 3-04-16, 3-04-17, 2005-Ohio-6864; State v. Trikilis, 9th Dist. No. 05CA9995-M, 2005-Ohio-6085; State v. Warren, 4th Dist. No. 04CA2,2005-Ohio-5815; State v. Jones, 7th Dist. No. 03-MA-113, 2005-Ohio-1767;State v. Legg, 10th Dist. No. 2005-Ohio-0581; State v. Gramlich, 8th Dist. No. 84172, 2005-Ohio-0503; State v. Gaynor, 1st Dist. No. C0030279, 2004-Ohio-1912; State v. Jackson (June 25, 2001), 12th Dist. No. CA2000-03-045. Thus, the fact that some of the sentencing statutes refer to the discretion a trial court must exercise when sentencing a felony offender does not mean that an appellate court is allowed to review that decision for an abuse of discretion.
 {¶ 32} In Foster, the Ohio Supreme Court determined that portions of the Ohio felony sentencing statutes were unconstitutional because they required judicial fact finding and thus severed the following divisions from the statutes: R.C. 2929.14(E)(4); R.C. 2929.14(D)(2)(b) and (D)(3)(b); and 2929.41(A). When doing this, Foster referenced R.C. 2953.08(G) twice. See Foster at ¶ 97, 99. In the first instance, the court described what statutory subsections it was severing in order to make Ohio's felony sentencing scheme constitutional and stated as follows:
 {¶ 33} "R.C. 2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies." Id. at ¶ 97. *Page 8 
 {¶ 34} The court later clarified this statement by being more specific.
 {¶ 35} "The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Id. at ¶ 99.
 {¶ 36} After making these statements, Foster went on to conclude "that trial courts have full discretion to impose a prison sentence within the statutory range." Id. at ¶ 100; see also paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-0855, at paragraph three of the syllabus.
 {¶ 37} Some courts have interpreted the Ohio Supreme Court's statement "that trial courts have full discretion to impose a prison sentence within the statutory range" to mean that appellate courts should now review those decisions for an abuse of discretion. See State v.Clevenger, 9th Dist. No. 07CA009208, 2007-Ohio-7034, at ¶ 4; Statev.Vanbuskirk, 5th Dist. No. 07 CA A 04 0020, 2007-Ohio-6757, at ¶ 7;State v. Murray, 11th Dist. No. 2007-L-098, 2007-Ohio-6733, at ¶ 11;State v. Lewis, 2d Dist. No. 2006CA0119, 2007-Ohio-6607, at ¶ 6;State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, at ¶ 12. However, this type of analysis is superficial. Appellate courts cannot ignore a statutory ban on the use of the abuse of discretion standard of review merely because the Ohio Supreme Court makes a fleeting reference to a trial court's discretion for the same reason that the reference to discretion in R.C. 2929.12(A) does not mean that we can ignore R.C. 2953.08(G)(2)'s prohibition of the abuse of discretion standard of review.
 {¶ 38} Thus, in the absence of a clear statement by the Ohio Supreme Court that R.C. 2953.08(G)(2)'s prohibition on use of the abuse of discretion standard by appellate courts has been severed, we are bound to continue applying that statute.
 {¶ 39} A close examination of the Ohio Supreme Court's decisions following Foster show that it has not made any such statement; instead they demonstrate the contrary. In Mathis, a companion case toFoster, the court described how its decision in Foster left some areas of felony sentencing law unaffected.
 {¶ 40} "As part of the General Assembly's promulgation of Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7562 (`S.B. 2') effective July 1, 1996, courts of appeals *Page 9 
obtained expanded authority to review felony sentences pursuant to R.C. 2953.08. That statute, as enacted, provided that a defendant convicted of a felony may appeal as of right when certain maximum sentences are imposed, the guidance for community control has been overridden, the minimum term of an indefinite sentence for a sexually violent offense is the longest term from the R.C. 2929.14 range, or an additional ten-year prison term is added under R.C. 2929.14(D)(2)(b) or (D)(3)(b). In Foster, we determined that R.C. 2929.14(D)(2)(a) and (D)(3)(b) relating to repeat-violent-offender and major-drug-offender enhancements were unconstitutional. Unaffected by Foster were the state's appeals as a matter of right for a sentence where no prison term was imposed despite the presumption favoring prison for certain offenses, or for judicial modification of a sentence for a first-or second-degree felony under R.C. 2929.20. Nor was the defendant's or the state's appeal as of rightaffected when the sentence `is contrary to law." (Emphasis added) Id. at ¶ 23.
 {¶ 41} In a case decided soon after Foster, the Ohio Supreme Court clarified that R.C. 2953.08(G) is still in effect.
 {¶ 42} "Although we held in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, that certain portions of the sentencing statutes that require judicial fact-finding to impose a sentence of more than the statutory minimum, to impose consecutive sentences, and to impose repeat-violent-offender and major-drug-offender sentence enhancements are unconstitutional in light of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster. SeeState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph two of the syllabus,¶ 23, 35-36; State v. Foster at ¶ 97, 99."State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1.
 {¶ 43} These statements in Mathis and Saxon are far from clearly and unambiguously stating that R.C. 2953.08(G)(2)'s prohibition on the use of the abuse of discretion standard of review is no longer in effect. Instead, they clarify that the Ohio Supreme Court only severed from R.C. 2953.08(G) any reference to the statutory *Page 10 
sections which it found were unconstitutional under Blakely. Thus, R.C. 2953.08(G)(2) is still in effect and prohibits us from reviewing felony sentences for an abuse of discretion. With this conclusion in mind, we now turn to the substantive arguments Stroud raises in her second and third assignments of error.
 {¶ 44} The trial court explained that it was sentencing Stroud to the maximum sentence for the following reasons:
 {¶ 45} "The Court has considered the purposes and principles of sentencing under Ohio Revised Code 2929.11 and has balanced the seriousness and recidivism factors under R.C. 2929.12. The court notes that the defendant did enter a plea of guilty to one count of voluntary manslaughter, a violation of Ohio Revised Code 2903.03(A), a felony of the first degree. The court further noted that the defendant was sentenced on October 4th, 2005 to ten years in the Department of Rehabilitations Corrections. The court notes that because of the Ohio Supreme Court's ruling in State v. Foster, this matter's back before the court for resentencing.
 {¶ 46} "Based on the factors that the court has previously recited, the court's going to impose a sentence of ten years on the defendant with credit for all the time served.
 {¶ 47} "The court further finds that the defendant, although the defendant does show remorse, we cannot ignore the fact that a life was lost in this matter, which is in the case records. Therefore, the defendant will be served — sentenced to a period of ten years in prison, credit for time served."
 {¶ 48} Stroud argues that the record shows that the trial court did not act properly when it decided to sentence her to the maximum possible prison term because the sole reason it cited for imposing the maximum possible sentence was that Stroud took a life, which is an element of the offense. This argument has support in the caselaw. For example, inState v. Clagg, 4th Dist. No. 04CA30, 2005-Ohio-4992, the defendant was convicted of aggravated arson. One of the elements of that offense was that the offender "knowingly `[c]reat[ing] a substantial risk of serious physical harm to any person other than the offender.'" Id. at ¶ 26, quoting R.C. 2909.02(A)(1). When sentencing the offender, the trial court found that he committed the worst form of the offense. *Page 11 
 {¶ 49} On appeal, Clagg argued that the sole basis for this finding was the danger the fire posed to the firefighters. The Fourth District agreed that this fact could not be used as an aggravating factor without some explanation of why it was more than simply an element of the offense.
 {¶ 50} "Because the risk of harm to the firefighters was an element of the offense, we find that the trial court could not properly consider it as a factor justifying a greater than minimum sentence without explaining why the danger was something more than a required element of the offense. To hold otherwise would create a presumption that all forms of aggravated arson constitute the worst form of the offense because they place firefighters in harm's way." (Citations omitted) Id. at ¶ 26; see also State v. Wilson, 5th Dist. No. 02CA030, 2004-Ohio-1857, at ¶ 17 (The trial court cannot use an enhancement element as the sole basis for finding a violation was the worst form of the offense.);State v. Schlecht, 2d Dist. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 52
(Because an act is part of the elements of the charged offense, the same conduct cannot also be an aggravating circumstance justifying a greater than minimum sentence.); State v. DeAmiches (Mar. 1, 2001), 8th Dist. No. 77609, at 8 (An offender cannot be held to have committed the worst forms of the offenses by pointing to the factors that describe the offenses themselves.).
 {¶ 51} In this case, Stroud was convicted of voluntary manslaughter. That offense is defined as knowingly causing the death of another or the unlawful termination of another's pregnancy while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force. R.C. 2903.03(A).
 {¶ 52} The trial court found that Stroud committed the worst form of this offense, in part, because "a life was taken" and did not explain how this was something more than an element of the offense. This fact is present in every case where a court is sentencing an offender for a voluntary manslaughter and highlighting this fact does not show why this particular case is a more serious form of that offense. Thus, the arguments in Stroud's second and third assignments of error are meritorious.
 The Foster Remedy *Page 12 {¶ 53} In her fourth and final assignment of error, Stroud argues:
 {¶ 54} "The trial court erred by imposing a maximum prison sentence."
 {¶ 55} Here, Stroud argues that the remedy for the unconstitutionality of Ohio's felony sentencing scheme that the Ohio Supreme Court adopted in Foster violates due process and the prohibition against ex post facto laws. According to Stroud, the Ohio Supreme Court's decision inFoster means that she is now open to greater punishment than she was before that decision.
 {¶ 56} We recently addressed this same argument in Palmer, where we concluded that resentencing under Foster "does not violate appellant's due process rights or the ex post facto clause." Id. at ¶ 76. We noted many reasons for this conclusion, including the fact that the Ohio Supreme Court mandated this result and that Foster affects the punishment imposed on an offender, not the crime he committed. Id. at ¶ 61-73. The arguments in Stroud's fourth assignment of error are meritless.
 Conclusion {¶ 57} In this case, the only factor the trial court relied upon when sentencing Stroud to the maximum possible prison term was the fact that a person died when the offense was committed. However, this was an element of the offense and the trial court did not explain why that fact was more than simply an element of the offense. Accordingly, Stroud's sentence is vacated and this case is remanded to the trial court for resentencing.
Donofrio, J., concurring in judgment only with concurring opinion.
 Vukovich, J., concurs. *Page 13