[Cite as *State v. Mejias*, 2012-Ohio-5447.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RAYMOND MEJIAS | : | Case No. CT2012-0026 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR88-0076


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 November 19, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                                 DENNIS C. BELLI
27 North Fifth Street                     Two Miranova Place
Zaneville, OH  43701                      Suite 710
                                          Columbus, OH  43215-7052

*Farmer, J.*

{¶1}   On June 29, 1988, the Muskingum County Grand Jury indicted appellant, Raymond Mejias, on one count of murder in violation of R.C. 2903.02.   Said charge arose from the stabbing death of Jeffrey Harris following an altercation.   Appellant was arrested almost twenty-three years later on an outstanding warrant.

{¶2}   On March 5, 2012, appellant pled guilty to one count of voluntary manslaughter in violation of R.C. 2903.03.   By sentencing entry filed April 5, 2012, the trial court sentenced appellant to ten years in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT'S DECISION TO SENTENCE DEFENDANT-APPELLANT TO A TEN-YEAR PRISON TERM FOR THE OFFENSE OF VOLUNTARY MANSLAUGHTER, BASED ENTIRELY ON THE FACT THAT HIS ACTIONS CAUSED THE VICTIM'S DEATH, DEPRIVED HIM OF HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND RESULTED IN A SENTENCE THAT IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

II

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GAVE NO WEIGHT TO THE 'LESS SERIOUS' AND 'NOT LIKELY' TO REOFFEND FACTORS UNDER R.C. 2929.12 (C) AND (E), AND INSTEAD SENTENCED DEFENDANT-APPELLANT TO A TEN YEAR PRISON FOR VOLUNTARY MANSLAUGHTER BASED ENTIRELY ON THE FACT THAT HIS ACTIONS CAUSED THE VICTIM'S DEATH."

I, II

{¶6}    Appellant claims the trial court erred in sentencing him to ten years in prison for voluntary manslaughter as the trial court based the sentence solely on an element of the offense and the sentence was an abuse of discretion.  We disagree.

{¶7}    In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

> In applying *Foster [State v.,* 109 Ohio St.3d 1, 2006–Ohio–856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶8}    In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶9}    Although the *Foster* court eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12.  These statutes "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence.  In considering these statutes in light of *Foster,* the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure."  *Kalish,* at ¶

17. In its sentencing entry filed April 5, 2012, the trial court noted it considered "the record, all statements, any victim impact statement, the pre-sentence report prepared, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

{¶10} Under the first step of *Kalish,* we are to review whether the sentence is clearly and convincingly contrary to law. Appellant entered a negotiated plea of guilty to one count of voluntary manslaughter in the first degree and the trial court sentenced appellant to ten years in prison. Felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.14(A)(1). The trial court sentenced appellant within the permissible range.

{¶11} Appellant argues the trial court's decision was based solely on the fact that a life was taken, which is an element of the offense and therefore unlawful. *State v. Sims,* 4th Dist. No. 10CA17, 2012-Ohio-238; *State v. Stroud,* 7th Dist. No. 07 MA 91, 2008-Ohio-3187. To substantiate this argument, appellant points to the following statement made by the trial court during sentencing:

> THE COURT: Mr. Mejias, I think it's clear that following this you've done a lot of things really well, and I believed everything you told me in the courtroom today. Problem is, your actions directly led to the death of Mr. Harris and you can't take that back. You can't undo that. That's - - that's done. I mean, he's gone. From that moment forward he wasn't around

and it was your actions that caused that and that's why the sentence is as is.

April 2, 2010 T. at 22.

{¶12} We note this statement was made at the conclusion of the sentencing hearing after the trial court had already imposed sentence. It was made in response to defense counsel's objection to the sentence on the grounds that it was an abuse of discretion. *Id.* at 21-22.

{¶13} In determining a sentence, the trial court factored in the state's position which was the following:

The Court is well aware of the factors for sentencing, so the State will not go into each individual factor. However, the State would submit that many of these factors were already considered by the State during the course of plea negotiations.

The State would submit that the punishment should not be reduced further than what has already been considered, given the nature of the facts of this case. And while Defense counsel has represented through the sentencing memorandum that there would have been a vigorous defense presented regarding self-defense, the facts that gave rise to that were something that the State had considered in coming to a resolution.

*Id.* at 4-5.

{¶14} The state noted that although appellant had lived a law-abiding life for the past twenty-two years as a fugitive, he did so with the threat that any criminal conduct could cause him to be arrested on the original murder charge. *Id.* at 5. The state recommended the maximum sentence of eleven years in prison. *Id.*

{¶15} Thereafter, the trial court asked the prosecutor for an explanation of the circumstances surrounding the offense and the prosecutor stated the following:

A large group of people gathered for a party at 1222 West Main. It was the home of an individual known by the name of Maurice Jones. At some point after the party began Mr. Mejias, as well as a female, were sitting on the steps when a Jeffrey L. Harris arrived at the home and approached Mr. Mejias. There was an argument that began which eventually turned into a physical altercation. Mr. Harris and Mr. Mejias had ended up in a corner of a porch. Mr. Harris - - witnesses differ whether or not punches were thrown or there was tussling. At that point, Mr. Harris was stabbed. Witnesses saw Mr. Mejias stab Mr. Harris. Mr. Harris staggered backwards. He was stabbed in the abdomen area. Clutching his abdomen area he went out into the yard, fell into the yard onto a parked vehicle that was there. Mr. Mejias then jumped over the rail of the porch which was right there and fled the scene.

*Id.* at 15-16.

{¶16} The trial court further inquired into the fact that appellant was not the initial aggressor. *Id.* at 18.

{¶17} Although the trial court was not required to give findings as determined in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, the trial court stated, "[a]dditionally, I have numerous letters from the victim's family and friends. I read every letter, every word of every letter with that, also. There's been a big loss from that side of the family. There's no question." *Id.* at 20.

{¶18} At the change of plea hearing, the trial court ordered a presentence investigation. March 5, 2012 T. at 12. It is included in the record filed under seal. A review of the presentence investigation report by this court lends nothing additional to what was presented in mitigation.

{¶19} Appellant received a negotiated reduced charge, from murder to voluntary manslaughter, and less than the maximum sentence. The record does not support appellant's argument that the sentence was based solely on the death of the victim.

{¶20} Upon review, we find the ten year prison sentence was neither unlawful nor was it an abuse of discretion.

{¶21} Assignments of Error I and II are denied.

{¶22}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

_____

_____

_____

JUDGES

SGF/sg 1026

[Cite as *State v. Mejias*, 2012-Ohio-5447.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RAYMOND MEJIAS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2012-0026 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.


_____

_____

_____

JUDGES