OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Gregory Dotson, appeals the decision of the Belmont County Court of Common Pleas convicting him of one count of failing to provide notice of change in residence in violation of R.C. 2950.04, a felony of the fifth degree, and sentencing him to ten months in prison. Dotson claims the trial court erred in sentencing him based on its failure to properly consider the mitigating factors and seriousness and recidivism factors in this case. However, the record demonstrates that the trial court properly took all of these factors into consideration when sentencing Dotson. Accordingly, the decision of the trial court is affirmed.
 {¶ 2} Dotson had been placed on probation for a prior sexually oriented offense. On September 1, 2005, Dotson's landlord had not seen Dotson at his apartment for two weeks, so he notified the Belmont County Sheriff's Department. Dotson had told his landlord that he would be working out of town during the week and home on weekends. Allegedly, Dotson had gone to North Carolina to visit family and was in a car accident. After being treated for injuries sustained in the accident, he traveled to Missouri to visit his mother where he was then arrested.
 {¶ 3} Dotson was subsequently charged and indicted with failing to provide notice of change in residence. He entered a plea of not guilty. On March 3, 2006 Dotson failed to appear at a status conference and a bench warrant was issued for his arrest. On March 31, 2006, the status conference took place and Dotson was held in Belmont County Justice Center without bond.
 {¶ 4} On April 14, 2006, pursuant to a negotiated plea agreement, Dotson withdrew his former plea of not guilty and entered a guilty plea to the single charge. As part of the plea agreement, the State agreed to remain silent at sentencing. At that time, the court accepted Dotson's plea and ordered a pre-sentence investigation along with an evaluation by the East Ohio Correctional Facility pursuant to defense counsel's request.
 {¶ 5} On April 24, 2006, Dotson appeared for sentencing. As agreed, the State remained silent. However, defense counsel, on Dotson's behalf, explained the reason for *Page 3 
Dotson's absence from the status conference. Counsel then advised the court that Dotson had "some problems" and wanted sex offender treatment and drug and alcohol treatment which counsel claimed would be addressed if Dotson were sentenced to the East Ohio Correction Center. Although the court ordered an evaluation from EOCC, the evaluation had not been completed at the time of sentencing. At the end of the hearing, the court ordered Dotson to serve ten months in prison.
 {¶ 6} As an initial matter, it should be noted that an appellate court reviews a sentence pursuant to R.C. 2953.08(G), which provides in part:
 {¶ 7} "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 8} "* * *
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} As his sole assignment of error, Dotson claims:
 {¶ 11} "The trial court erred in that it failed to properly consider the mitigating factors and the seriousness and recidivism factors presented in this case."
 {¶ 12} Dotson argues that the trial court did not properly weigh the mitigating factors listed in R.C. 2929.12. Specifically, Dotson maintains that the trial court failed to consider that there was no victim of Dotson's offense. Dotson further argued that although the community of Belmont County suffered psychological harm, Dotson did notify his probation officer of his desire to visit his parents in North Carolina. In addition he claimed that he had the intent to return home to his registered residence. He further explained that his delay in returning was due to a motor vehicle accident which resulted in his need for surgery. After Dotson was released from the hospital in North Carolina, he went to Missouri to visit his mother.
 {¶ 13} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 at ¶ 37, the Supreme Court of Ohio stated: *Page 4 
 {¶ 14} "* * * R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.)
 {¶ 15} The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes[,]" and as such, do not violate Blakely. Id at ¶ 42. "The court is merely to `consider' the statutory factors." Id.
 {¶ 16} The Eleventh District has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.
 {¶ 17} At the sentencing hearing in the case sub judice, the trial court explicitly stated that it considered the relevant factors under R.C. 2929.12. Further, not only did the trial court properly weigh the relevant factors, it went into extensive detail in discussing each of them. More specifically, the court explained:
 {¶ 18} "In light of such guidance, the Court finds that the factors contained in 2929.12(B)(C)(D) and (E) and any other factors relevant to achieving those purposes and principles.
 {¶ 19} "Defendant's failure to register and his failure to appear in his pending cases are — in his pending case are reckless acts.
 {¶ 20} "The community of Belmont County, Ohio suffered psychological harm, i.e., fear that a sexually oriented offender has failed to register.
 {¶ 21} "The Court also finds that factors contained in 2929.12 (D) include the following: The defendant has a long history of criminal convictions, including underage consumption, disorderly conduct, failure to control, no operator's license, two counts of *Page 5 
menacing, another disorderly conduct and unlawful sexual contact with a minor. The Defendant has not responded favorably to sanctions previously imposed. Further, the criminal history and the Defendant's admissions demonstrate a failure to register and appear pattern, with no acknowledgement or genuine attempt at treatment or rehabilitation. The Defendant has failed to demonstrate genuine remorse."
 {¶ 22} In light of the trial court's detailed discussion of the factors that it considered, the trial court adequately complied with the requirements of R.C. 2929.12. Accordingly, Dotson's sole assignment of error is meritless and the judgment of the trial court is affirmed.
 Donofrio, J., and Vukovich, J. concurs.