[Cite as *State v. Pyles*, 2014-Ohio-4146.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 BE 11 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHAEL C. PYLES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Belmont County, Ohio
                                 Case No. 12 CR 240

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Christopher Berhalter
                                 Belmont County Prosecutor
                                 Atty. Scott A. Lloyd
                                 Assistant Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950

For Defendant-Appellant:         Atty. Michelle G. Miller
                                 802 Third Street
                                 P.O. Box 217
                                 Brilliant, Ohio  43913

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated:  September 18, 2014

WAITE, J.

**{¶1}** Appellant Michael C. Pyles appeals his four-year prison term on counts of burglary, safecracking and theft. Appellant entered into a plea agreement in which additional counts of burglary, safecracking and vandalism were dismissed, and the prosecutor agreed to recommend a prison term of three years. Appellant argues that the court erred in not adopting the prosecutor's recommendation and that the maximum sentence of four years in prison is not supported by the record. A sentencing judge is not required to adopt a prosecutor's recommended sentence, and is not required to make any particular findings in order to impose maximum sentences. At sentencing, it was determined that Appellant violated his bond by testing positive for drugs, showed no remorse at sentencing by blaming the victim for his crime, and had a long history of juvenile and adult crimes. The record supports the imposition of maximum sentences, and the judgment of the trial court is affirmed.

Procedural History

**{¶2}** Appellant was indicted on October 3, 2012 on two counts of burglary (R.C. 2911.12(A)(2), fourth degree felonies), two counts of safecracking (R.C. 2911.31(A), fourth degree felonies), one count of theft (R.C. 2913.02(A)(1), fifth degree felony), and one count of vandalism (R.C. 2909.05(B)(1)(b)). He was accused of burglarizing and breaking into three safes at the home of Joe and Vikki Charleton, stealing guns, coins, jewelry and cash. Appellant was personally acquainted with the Charleton's and their daughter, and had stayed in their home. On February 15, 2013, he entered into a Crim.R. 11 plea agreement. He pleaded guilty to one count of burglary, one count of safecracking, and one count of theft.

The prosecutor agreed to dismiss the other charges and recommend a three-year prison term. The prosecutor also agreed to recommend that the sentence in this case run concurrently with the sentence about to be imposed for felony charges pending in West Virginia. The court accepted Appellant's plea in a judgment entry filed on February 26, 2013.

{¶3} Sentencing took place on April 12, 2013. Appellant did not appear at the scheduled time, although he did eventually arrive at the hearing. When given a chance to speak, he blamed the victims for causing the crime. As a basis for disregarding the prosecutor's recommendation on sentencing and imposing the maximum sentence on each charge, the court noted, among other things, Appellant's long juvenile and adult criminal record, his positive test for illegal drugs that occurred just prior to the sentencing hearing, his unresponsiveness to prior criminal sanctions, his lack of remorse, and that several of the charges had been dismissed. In addition to the maximum sentences on each charge, the court ordered that they be served consecutively, for a total prison term of four years. He received 12 months in prison for theft, 18 months for safecracking, and 18 months for burglary, to be served consecutively. The court filed its judgment on April 15, 2013. This timely appeal followed on May 13, 2013. Appellant has one assignment of error on appeal, challenging the maximum sentences.

## ASSIGNMENT OF ERROR

The trial court erred by imposing the maximum, consecutive sentence where the record did not support the sentence and the sentence was contrary to law constituting an abuse of the trial court's discretion in

contravention of R.C.§2929.11 and R.C. §2953.08 and in contravention of the negotiated plea agreement with agree-upon [sic] sentence.

**{¶4}** Appellant argues that a maximum sentence is not warranted in this case because none of the R.C. 2929.12 factors indicating that the crime is more serious than normal are supported by the record, and that there are mitigating factors in this case. Appellant's argument is not persuasive.

**{¶5}** This Court employs the felony sentencing standard of review as set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *State v. Hill*, 7th Dist. No. 13 MA 1, 2014-Ohio-919, ¶20. This review involves a two-step approach. First, the court examines the sentence to determine if it is "clearly and convincingly contrary to law." *Kalish* at ¶26. In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶13-14. If the sentence is not clearly and convincingly contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17. We apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17. The list of factors regarding the seriousness of the crime or whether mitigating circumstances exist, found in R.C. 2929.12, is a non-exclusive list, and the sentencing court may consider any factor it deems appropriate. *State v. Dotson*, 7th Dist. No. 06 BE 28, 2007-Ohio-1128, ¶14, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶6}** Although the trial court is required to consider the factors set forth in R.C. 2929.12, the trial court is not required either to discuss the factors on the record

or even state that the factors were considered, so long as the record allows the reviewing court to determine that the proper consideration occurred. *State v. Scott*, 3d Dist. No. 6-07-17, 2008-Ohio-86. Even if the record is completely silent as to the reasons that the trial court imposed a prison sentence, the court's sentencing decision is presumed to be correct. *Kalish* at ¶18, fn. 4.

{¶7}  We also note that a sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, ¶2; *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989).

{¶8}  A sentencing judge is not mandated to accept the prosecutor's recommended sentence in cases involving Crim.R. 11 plea bargains:  "[T]he trial judge is not bound by the prosecutor's recommendation and * * * the ultimate sentence is up to the discretion of the trial court.  'A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." '  *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶13, quoting *State v. Pettiford* (Apr. 22, 2002), 12th Dist. No. CA2001-08-014.  Crim.R. 11 does not contemplate that the defendant and the prosecutor will bargain for a specific punishment, given that the punishment is either established by statute or left to the discretion of the sentencing judge. *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 8 OBR 202, 456 N.E.2d 539." *State v. Gant*, 7th Dist. No. 04 MA 252, 2006-Ohio-1469, ¶23.

{¶9} Appellant contends that his abuse of drugs is a mitigating factor the court should have considered, but this is not listed as a mitigating factor in R.C. 2929.12. In fact, R.C. 2929.12(D)(4) lists the following as a factor indicating that the offender is more likely to commit future crimes: "The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." In this case, the record reflects that the crimes occurred so that Appellant could obtain money to purchase illegal drugs. This is a factor supporting a more severe penalty, not a mitigating factor.

{¶10} Appellant believes he is entitled to a statutory presumption in favor of the minimum prison term because he has never served a previous prison term, citing R.C. 2929.14(B). There is no such presumption in R.C. 2929.14(B). A former version of the statute did contain this presumption, but it was declared unconstitutional in *Foster*, *supra*.

{¶11} Of the five factors listed in R.C. 2929.12(D) that indicate a greater likelihood that the offender will commit future crimes, Appellant satisfied all five: he committed the offense while under probation, was previously adjudicated a delinquent child, failed to respond favorably to prior sanctions, demonstrated a pattern of drug or alcohol abuse, and he showed no genuine remorse. Appellant satisfied none of mitigating factors indicating that he was unlikely to commit future crimes. Protecting the public from future harm was one of the primary reasons the

court imposed the maximum sentences, and the record certainly supports the conclusion that Appellant has a high risk of committing future crimes.

**{¶12}** The trial court noted many other factors that were considered at sentencing, and specifically stated that it considered the purposes and principles of sentencing under R.C. 2929.11, as well as the sentencing factors in R.C. 2929.12. The court mentioned that there was an outstanding warrant for Appellant's arrest due to a positive drug test for cocaine, morphine and other drugs. There were also outstanding felony charges pending in West Virginia, and the resolution of those charges was part of the plea bargain process in this case. Appellant acknowledged that he had tested positive for drugs while awaiting sentencing. He had 8 juvenile court convictions for crimes ranging from traffic offenses to theft and receiving stolen property. He had 11 adult convictions including theft, disorderly conduct, OVI, possessing drug paraphernalia, and fleeing and eluding. And we take note that Appellant was only 25 years old at the time of sentencing. When asked to give a statement, Appellant started to apologize, but immediately began to blame the victims, accusing them of being drug dealers. The court considered Appellant's long history of criminal violations, two violations of court orders, his failure to respond to previous sanctions, his pending charges in West Virginia, the fact that three charges were dismissed as part of the plea agreement, his violation of community control sanctions, his failure to show remorse, his escalating pattern of criminal activity, his positive drug test when he was awaiting sentencing, and his escalating drug abuse with no good faith attempt at treatment. The court also noted that Appellant had never spent time in prison but did have felony charges on his record. Rather than

establishing error, the record contains thorough justification for imposing maximum sentences, and Appellant's assignment of error is overruled.

Conclusion

**{¶13}** Appellant believes that the maximum sentence of four years in prison was not warranted in this case, and that the trial judge should have accepted the prosecutor's recommendation of a three-year prison term. A trial court has discretion to impose any sentence within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. Since the sentence imposed is within the range permitted by law, and the record shows that the trial court carefully considered the factors found in R.C. 2929.11 and 2929.12, there was no abuse of discretion in imposing two eighteen-month prison terms and one twelve-month term for a total maximum sentence of four years in prison. Appellant has failed to demonstrate that any abuse of discretion has occurred and the assignment of error is overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.