[Cite as *State v. Vantilburg*, 2017-Ohio-5711.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 CO 0001 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JASON E. VANTILBURG | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Columbiana County,
                                   Ohio
                                   Case No. 14 CR 285

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Robert Herron
                                   Columbiana County Prosecutor
                                   Atty. Tammie Riley Jones
                                   Assistant Prosecuting Attorney
                                   105 South Market Street
                                   Lisbon, Ohio  44432

For Defendant-Appellant:           Atty. Scott C. Essad
                                   721 Boardman-Poland Road
                                   Suite 201
                                   Youngstown, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                   Dated:  June 29, 2017

[Cite as *State v. Vantilburg*, 2017-Ohio-5711.]
WAITE, J.

**{¶1}** Appellant Jason E. Vantilburg appeals the sentence ordered by the Columbiana County Common Pleas Court. Appellant contends the trial court abused its discretion and his sentence was clearly and convincingly contrary to law. However, a review of the record reveals the trial court followed the statutory sentencing requirements, and the six-year sentence is within the statutory range for a felony of the second degree. As the trial court was not required to impose a nonprison sentence, made findings on the record, and imposed a sentence that was within the statutory range, the trial court did not err. Appellant's assignment of error lacks merit and is overruled. The sentence of the trial court is affirmed.

### Factual and Procedural History

**{¶2}** Appellant was indicted on August 2, 2014 by the Columbiana County Grand Jury on a charge of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. The robbery occurred on July 29, 2014 at a Gina's Drive-thru in East Liverpool, Ohio. Appellant entered the business wearing a mask, tackled a guest and pushed an employee out of the way to remove money from the register before fleeing and discarding his mask and other clothing in a nearby wooded area.

**{¶3}** Appellant was arraigned on September 12, 2014. On September 29, 2014, Appellant filed a motion for a psychiatric evaluation, seeking a determination of his competency to stand trial. A second, similar motion was filed on December 4, 2014 wherein Appellant claimed that during the time of the offense he suffered from "Schizoaffective Disorder." A competency hearing was held on December 4, 2014.

Based on the competency and sanity evaluation the trial court found that Appellant was competent to stand trial.

{¶4} On September 22, 2015, the day of trial, Appellant elected to change his plea. Appellant entered a guilty plea to the robbery charge. A full sentencing hearing was held on October 19, 2015. This hearing included testimony from Chad Jakubowski, a chemical dependency specialist at The Counseling Center in Columbiana County who had been working with Appellant since October of 2014 while Appellant was in jail awaiting trial. Mr. Jakubowski testified that Appellant had completed most of the program and had shown progress. He also testified that Appellant reported that he "enjoyed being incarcerated simply because of the structure of the program and the persons that were there." (10/19/15 Tr., p. 26.)

{¶5} The trial court sentenced Appellant to a term of six years of incarceration in a state correctional facility with a credit of 446 days for time served. Appellant filed a *pro se* motion for leave to file a delayed appeal, a motion for appointment of counsel and a request for transcript on January 6, 2016. We granted Appellant's motions and the instant appeal followed.

## ASSIGNMENT OF ERROR

THE TRIAL COURT'S SENTENCING OF JASON VANTILBURG WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF DISCRETION.

{¶6} Appellant contends the trial court erred in sentencing him to a term of six years of incarceration without properly considering the statutory sentencing

factors set forth in R.C. 2929.11 and .12. Appellant also states that the court abused its discretion in sentencing, relying on *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26. *Kalish*, however has been overruled by *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10.

**{¶7}** In *Marcum,* the Ohio Supreme Court held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* Instead, "appellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *Id.* at ¶ 7. The *Marcum* Court held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

**{¶8}** Appellant contends his sentence is contrary to law because the trial court failed to properly apply the sentencing guidelines contained in R.C. 2929.11 and .12. He also claims that sentencing him to a prison term to protect the public was not appropriate where "everyone" acknowledged that Appellant was suffering from mental health issues.

**{¶9}** The state responds that the trial court made findings regarding the purposes and principles of sentencing and pertaining to the seriousness and recidivism factors on the record, and that Appellant's six-year term of incarceration fell within the permissible statutory range.

**{¶10}** We have consistently held that a trial court is not required to specifically discuss or even mention the seriousness and recidivism factors at hearing as long as

the record "allows the reviewing court to determine that the proper consideration occurred." *State v. Pyles,* 7th Dist. No. 13 BE 11, 2014-Ohio-4146, ¶ 6.

**{¶11}** R.C. 2953.08(G)(2) provides the following:

The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)  That the record does not support the sentencing court's findings under division (B) or (D) of section  2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section  2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶12}** While R.C. 2953.08(G)(2) does mandate that a trial court make explicit findings on the record under certain circumstances, for instance, when ordering consecutive sentences pursuant to 2929.14(C)(4), it is equally clear that this section limits this requirement only to those specific instances.

**{¶13}** Appellant pleaded guilty to robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree.  R.C. 2929.13(D)(1) states:

Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section  2929.11 of the Revised Code * * *.

**{¶14}** Appellant's sentence falls within the applicable statutory range for a felony of the second degree. Trial courts have full discretion to impose a sentence within the statutory range. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Moreover, the weight given to the sentencing factors is purely within the discretion of the trial court. *State v. Jones,* 8th Dist. No. 104152, 2016-Ohio-8145, ¶ 14.

**{¶15}** Although the trial court must consider the purposes of felony sentencing set forth in R.C. 2929.11, as well as the sentencing factors found in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to discuss the factors on the record. *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Moreover, we presume that the trial court considered the appropriate factors unless Appellant can affirmatively demonstrate otherwise based on the record. *State v. Stevens,* 1st Dist. No. C-130278, 2013-Ohio-5218, ¶ 12.

**{¶16}** In the case at bar, it is apparent that the trial court considered the purposes and principles of sentencing:

And your past record is important for us to look at because we can't look into the future but we know what happened in the past. Okay? And, you know, you have been down this road several times, burglary and theft and assault and robbery and again robbery. I know you spent a lot of time in prison. You were given a shot at probation at least one time and you violated that a [sic] couple times. So, you know, I'm not

encouraged by your ability to take advantage of opportunities. In the mean time, I think you're some risk to the public.

Now, it's horrible that you feel that your best place in many respects has been prison because of a structured environment because you know how to operate and how to live there. And you're to be pitied in that regard. But my duty, and I'm repeating, but my duty is primarily to protect the public.

I think the State's recommendation needs to be followed in this case. And, again, I want you to know I thought about this case time and time again and I just -- there is a presumption in favor of prison because of the degree of the felony. This is a serious felony. Somebody was harmed here. It looked like you had done a significant amount of planning to carry off this unfortunate felonious act.

(10/19/15 Tr., pp. 48-49.)

{¶17} Not only did the trial court consider the statutory factors, but it also acknowledged Appellant's own statement to his counselor that he felt the structured environment of prison was beneficial. Moreover, the court noted:

Jason, I want you to understand, I just don't feel comfortable sending you to EOCC, that's a different type of facility there and because of your misconduct in the past I feel that I would be putting those individuals at risk. As much as it pains me to do it, I think you're going to the place

which I consider to be in this case, under these facts, and with your record, my only option.

(10/19/15 Tr., p. 51.)

**{¶18}** On review of the trial court's sentence, this record reflects that the trial court engaged in the correct analysis. The court made the appropriate findings and they are supported by the record. Moreover, Appellant's sentence was within the statutory range and not clearly and convincingly contrary to law. Appellant's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.